UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRONTIER AIRLINES, INC.,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>AMCK AVIATION HOLDINGS IRELAND LIMITED, ACCIPITER INVESTMENT 4 LIMITED, VERMILLION AVIATION (TWO) LIMITED, WELLS FARGO TRUST COMPANY, N.A., solely in its capacity as OWNER TRUSTEE, and UMB BANK, N.A., solely in its capacity as OWNER TRUSTEE,<br><br>　　　　　　　　Defendants. | 20 Civ. 9713 (LLS) |

**DECLARATION OF JEFF E. BUTLER**

Jeff E. Butler declares and states as follows:

　　1.　　I am a member of the firm Clifford Chance US LLP, counsel for Defendants AMCK Aviation Holdings Ireland Limited ("AMCK"), Accipiter Investments Aircraft 4 Limited ("Accipiter"), Vermillion Aviation (Two) Limited ("Vermillion"), UMB Bank, N.A. ("UMB"), and Wells Fargo Trust Company, N.A. ("Wells Fargo") (collectively, "Defendants") in the above-captioned action.

　　2.　　Attached as Exhibit 1 are true and correct excerpts from an Aircraft Operating Lease Agreement, dated as of June 9, 2014, between Wells Fargo Bank Northwest, National Association ("Wells Fargo Bank Northwest") as lessor (not in its individual capacity but solely as trustee), and Frontier Airlines, Inc. ("Frontier") as lessee, relating to an aircraft bearing manufacturer's serial number ("MSN") 6184. (An electronic watermark relating to confidentiality has been removed from the excerpts.) The excerpted portions of Section 8.3(a) ("Absolute Obligations"; "This Agreement is a Net Lease"), Section 9.1 ("Quiet Enjoyment"),

- 1 -

Section 23.1 ("Rights Cumulative, Waivers"), and Section 23.13 ("Variation") are identical to the equivalent provisions of an Aircraft Operating Lease Agreement, dated as of February 19, 2016, between Wells Fargo Bank Northwest as lessor (not in its individual capacity but solely as trustee), and Frontier as lessee, relating to an aircraft bearing MSN 7524.  These agreements are referenced in Paragraphs 30, 64, 66 and 92 of the Complaint.

3. Attached as Exhibit 2 are true and correct excerpts from an Aircraft Lease Agreement, dated as of September 30, 2019, between UMB as lessor (not in its individual capacity but solely as owner trustee) and Frontier as lessee, relating to an aircraft bearing MSN 9177.  The excerpted portions of Section 4.3(a) ("Quiet Enjoyment"), Section 6.4 ("Payment Obligations Unconditional"), and Section 20.4 ("Rights Cumulative; Waivers; Variation; Counterparts; Language; Delivery by E-mail") are identical to the equivalent portions of lease agreements between either UMB or Wells Fargo as lessor (not in their individual capacities but solely as owner trustees), and Frontier as lessee, relating to 11 other aircraft bearing MSN 8102 (dated as of March 6, 2018); MSN 8239 (dated as of June 5, 2018); MSN 8307 (dated as of August 29, 2018); MSN 8357 (dated as of July 31, 2018); MSN 8402 (dated as of August 30, 2018); MSN 8766 (dated as of March 22, 2019); MSN 8857 (dated as of April 23, 2019); MSN 8913 (dated as of May 9, 2019); MSN 8977 (dated as of June 27, 2019); MSN 9026 (dated as of June 28, 2019); and MSN 9068 (dated as of August 19, 2019).  These agreements are referenced in Paragraphs 30, 64, 66 and 92 of the Complaint.

4. Attached as Exhibit 3 are true and correct excerpts of a Guaranty, dated as of September 30, 2019, by Accipiter in favor of Frontier, relating to the aircraft bearing MSN 9177.  The excerpted portion of Section 1 is identical to the equivalent portions of other guarantees

provided by Accipiter in favor of Frontier.  This Guaranty is referenced in Paragraphs 23 and 96 of the Complaint.

5.	Attached as Exhibit 4 is a true and correct copy of a Framework Agreement, dated as of March 16, 2020, between AMCK and Frontier (without attachments).  (Certain information relating to financial terms has been redacted.)  This agreement is referenced throughout the Complaint, including in Paragraphs 12, 33, 80-82, 86 and 89-90.

6.	Attached as Exhibit 5 are true and correct excerpts from an Aircraft Lease Agreement, dated as of March 16, 2020, between UMB as lessor (not in its individual capacity but solely as owner trustee) and Frontier as lessee, relating to an aircraft bearing MSN 10038.  This agreement is referenced in Paragraphs 16, 35, 65, 87 and 94 of the Complaint.

7.	Attached as Exhibit 6 are true and correct excerpts from a Guaranty, dated as of March 16, 2020, by Vermillion in favor of Frontier, relating to the aircraft bearing MSN 10038.  This Guaranty is referenced in Paragraphs 24 and 96 of the Complaint.

8.	I have attached excerpts of the foregoing agreements because the complete documents are lengthy and would have resulted in a voluminous submission.  The complete agreements are available for submission as the Court may direct.

9.	Attached as Exhibit 7 is a true and correct copy of an April 30, 2020 email from Paul Sheridan of AMCK to Jimmy Dempsey of Frontier, along with prior correspondence in that email chain, including an April 3, 2020 email from Mr. Sheridan to Mr. Dempsey and others, and an April 6, 2020 email from Mr. Sheridan to Mr. Dempsey and others.  These emails are referenced in Paragraphs 47, 48, 54 and 58 of the Complaint.

- 4 -

10. Attached as Exhibit 8 is a true and correct copy of an April 9, 2020 email (with attachment) from Jane O'Callaghan of AMCK to Robert Fanning of Frontier and others. This email is referenced in Paragraph 56 of the Complaint.

11. Attached as Exhibit 9 is a true and correct copy of a Notice of Termination from AMCK to Frontier dated May 8, 2020. This Notice of Termination is referenced in Paragraph 63 of the Complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 29, 2021
New York, New York

               /s/ Jeff E. Butler
                 Jeff E. Butler