## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

FRONTIER AIRLINES, INC.

        Plaintiff,

-against-

AMCK AVIATION HOLDINGS IRELAND LIMITED, ACCIPITER INVESTMENT 4 LIMITED, VERMILLION AVIATION (TWO) LIMITED, WELLS FARGO TRUST COMPANY, N.A., solely in its capacity as OWNER TRUSTEE, and UMB BANK, N.A., solely in its capacity as OWNER TRUSTEE,

        Defendants.

Case No.:  1:20-cv-09713-LLS

## FRONTIER AIRLINES ANSWER TO COUNTERCLAIMS

Plaintiff Frontier Airlines, Inc. ("Frontier"), by and through its counsel, hereby responds to the counterclaims of AMCK Aviation Holdings Ireland Limited ("AMCK") as follows:

1. Frontier denies the allegations in paragraph 1, except that no response is required with respect to legal conclusions.

2. Frontier admits that it operated 14 Airbus 320 aircraft leased from AMCK at the beginning of 2020, and in March 2020, entered into a Framework Agreement ("March 2020 Framework Agreement") for the sale and leaseback of six additional A320 aircraft. Frontier further admits that AMCK only partially performed its obligations under the March 2020 Framework Agreement by purchasing and delivering only one of six A320 aircrafts in March 2020. Except as expressly admitted, Frontier denies the allegations of paragraph 2.

3. Frontier denies the allegations in paragraph 3.

4. Frontier admits that it did not recognize AMCK's wrongful and invalid termination of the Framework Agreement and brought this action for the losses Frontier sustained resulting from AMCK's breaches. Frontier denies the remaining allegations in paragraph 4.

5. Frontier denies the allegations in paragraph 5.

6. Frontier admits the allegations in paragraph 6.

7. Frontier admits the allegations in paragraph 7.

8. Frontier admits that the amount in controversy exceeds $75,000 and that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Except as expressly admitted, Frontier denies the allegations of paragraph 8, except that no response is required with respect to legal conclusions.

9. Frontier admits that the parties consented to the exercise of personal jurisdiction by this Court. Except as expressly admitted, Frontier denies the allegations in paragraph 9, except that no response is required with respect to legal conclusions.

10. Frontier admits that the parties consented to the exercise of personal jurisdiction by this Court. Except as expressly admitted, Frontier denies the allegations in paragraph 10, except that no response is required with respect to legal conclusions.

11. Frontier admits that it operated 14 Airbus 320 aircraft leased from AMCK at the beginning of 2020; admits that these leases were governed by separate lease agreements; and admits that UMB Bank, N.A. ("UMB") and Wells Fargo Trust Company ("Wells Fargo"), each acting solely as owner trustee of an aircraft trust owned by AMCK through an AMCK affiliate, are the lessors. Except as expressly admitted, Frontier lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 11.

12. Frontier admits the allegations in paragraph 12.

13. Frontier denies the allegations in paragraph 13.

14. Frontier admits that the quoted language from the lease agreements speaks for itself. Frontier denies the remaining allegations and inferences in paragraph 14.

15. Frontier admits that in March 2020 Frontier and AMCK entered into a Framework Agreement for the sale and leaseback of six additional Airbus A320 aircraft. Frontier denies the remaining allegations in paragraph 15.

16. Frontier denies the allegations in paragraph 16.

17. Frontier admits that the quoted language from the Framework Agreement speaks for itself. Frontier denies the remaining allegations and inferences in paragraph 17.

18. Frontier denies the allegations in paragraph 18.

19. Frontier admits that UMB, acting solely as owner trustee of a trust owned by AMCK through an AMCK affiliate, is the lessor of the MSN 10038 lease. Except as expressly admitted, Frontier denies the allegations in paragraph 19.

20. Frontier denies the allegations of paragraph 20, except that the defined terms of the lease agreements between Frontier and the lessor speak for themselves. Except as expressly admitted, Frontier denies the allegations of paragraph 20.

21. Frontier denies that it engaged in any event of default, and admits that the quoted language from the Lease speaks for itself. Except as expressly admitted, Frontier denies the allegations and inferences in paragraph 21.

22. Frontier admits that it requested a three-month rent deferral and return of one month's rent security deposit, to be repaid with interest over a 9-month period, and further admits that AMCK was assured of Frontier's ability and wherewithal to pay in full according to the existing schedule if AMCK denied such request. Except as expressly admitted, Frontier denies the allegations in paragraph 22.

23. Frontier admits that it had discussions with AMCK regarding its request, that AMCK demanded aircraft delivery deferrals as a condition to retract its anticipatory repudiation and perform under the Framework Agreement, and that AMCK extended the rent deferral beyond April 21, 2020. Except as expressly admitted, Frontier denies the allegations in paragraph 23.

24. Frontier admits that it suspended its monthly rent payments in reliance on AMCK's representations that Frontier did not need to make rent payments on 14 of the 15 aircraft while the

parties were working out a solution that would defer the rent payments and would enable AMCK to retract its anticipatory repudiation of the March 2020 Framework Agreement as Frontier negotiated aircraft delivery deferrals from Airbus.  Except as expressly admitted, Frontier denies the allegations in paragraph 24.

25. Frontier admits that AMCK unlawfully terminated the March 2020 Framework Agreement without cause and without notice on May 8, 2020.  Except as expressly admitted, Frontier denies the allegations in paragraph 25.

26. Frontier admits that it commenced this action on November 18, 2020, and that it asserted seven causes of action arising from or related to Defendants' unlawful termination of the March 2020 Framework Agreement and declaration of default after AMCK agreed to extend the rent deferral period to May 15, 2020.  Except as expressly admitted, Frontier denies the allegations in paragraph 26.

27. Frontier denies the allegations in paragraph 27.

28. Frontier hereby incorporates its answers to paragraphs 1-27, above.

29. Frontier admits that the parties' dispute is governed by New York Law, and further admits that it and AMCK are parties to the March 2020 Framework Agreement and that Frontier is a party to the relevant lease agreements along with the lessor owner trustees of trusts owned by AMCK through an AMCK affiliate.  Except as expressly admitted, Frontier denies the allegations in paragraph 29.

30. Frontier denies the allegations in paragraph 30.

31. Frontier denies the allegations in paragraph 31.

32. Frontier denies the allegations in paragraph 32.

33. Frontier denies the allegations in paragraph 33.

34. Except as expressly admitted herein, Frontier denies the allegations in the Counterclaim.

## AFFIRMATIVE DEFENSES

1. AMCK's claim is barred, in whole or in part, because AMCK waived its right to declare a rent payment default.

2. AMCK's claim is barred, in whole or in part, by the doctrine of unclean hands.

3. AMCK's claim is barred, in whole or in part, by the doctrine of mitigation of damages.

4. AMCK's claim is barred, in whole or in part, by the doctrine of estoppel.

DATED: June 9, 2021         **LANE POWELL PC**

By:   /s/ David G. Hosenpud
David G. Hosenpud (*pro hac vice*)
Sarah E. Molinoff, NY Bar No. 5439773
601 SW Second Avenue, Suite 2100
Portland, Oregon  97204-3158
Telephone No.:  503.778.2100
Facsimile No.:  503.778.2200
Email:  hosenpudd@lanepowell.com
Email:  molinoffs@lanepowell.com
-and-

**BINDER & SCHWARTZ LLP**
Neil S. Binder
366 Madison Avenue, 6th Floor
New York, New York  10017
Telephone No.:  212.510.7008
Facsimile No.:  212.510.7299
Email:  nbinder@binderschwartz.com

*Attorneys for Plaintiff, Frontier Airlines, Inc.*