ORIGINAL

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

FRONTIER AIRLINES, INC.

          Plaintiff,

-against-

AMCK AVIATION HOLDINGS IRELAND LIMITED, ACCIPITER INVESTMENT 4 LIMITED, VERMILLION AVIATION (TWO) LIMITED, WELLS FARGO TRUST COMPANY, N.A., solely in its capacity as OWNER TRUSTEE, and UMB BANK, N.A., solely in its capacity as OWNER TRUSTEE,

          Defendants.

Case No.: 1:20-cv-09713-LLS

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/4/22
```

## STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND DOCUMENTS

The parties jointly submit the following Stipulated Protective Order:

### INTRODUCTION

1. *Generally.* Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, Plaintiffs Frontier Airlines, Inc. ("Frontier") and Defendants AMCK Aviation Holdings Ireland Limited, Accipiter Investments Aircraft 4 Limited, Vermillion Aviation (Two) Limited, Wells Fargo Trust Company, N.A., not in its individual capacity but solely as owner trustee, and UMB Bank, N.A., not in its individual capacity but solely as owner trustee ("Defendants") hereby stipulate under Federal Rule of Civil Procedure 26(c) to the entry of the following Protective Order, subject to the Court's approval.

2. *Purpose.* Each party seeks to avoid undue harm by preventing disclosure of sensitive proprietary or confidential information to the public or to other parties. The parties accordingly propose this Order to facilitate the discovery and pretrial preparation processes by

PAGE 1 – STIPULATED PROTECTIVE ORDER

LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

022510.0155/8791451.2

avoiding the need for seriatim motions to the Court for protective orders covering specifically identified materials.

3. *Limitation.* The parties acknowledge that the confidentiality provisions of this Order do not confer blanket protection on all disclosures or responses to discovery, and that the protection it affords from disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles and factual circumstances.

4. *Applicability.* The confidentiality provisions of this Order shall apply to depositions, production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, ~~as well as~~ but neither the admission into evidence of testimony adduced at trial, matters in evidence, ~~and any other information that a disclosing party~~ or the disclosure of matter submitted to the Court to influence a judicial action, those processes being governed by different rules. ~~may designate as Confidential information in connection with this action.~~

LLS 1/4/22

## DEFINITIONS

5. *Confidential Information.* "Confidential" information shall mean (i) any information that has not been made generally available to the public and the disclosure of which the designating party or third party contends would cause material harm or a competitive disadvantage to the designating party's business operations or their personal, business, or privacy interests; (ii) data derived from such confidential information, including any summaries, compilations, quotes, or paraphrases thereof; and (iii) any other oral, written, or recorded material that consists of or contains trade secrets. The term and designation "Confidential" shall mean any document or information that the designating party believes in good faith meets the requirements set forth above. Notwithstanding the foregoing, by agreeing to this Stipulation, no party or third party waives the right to challenge any designating party's designation of any Document or information as "Confidential."

PAGE 2 – STIPULATED PROTECTIVE ORDER

LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

022510.0155/8791451.2

Case 1:20-cv-09713-LLS Document 69 Filed 12/30/21 Page 3 of 12

6. *Attorneys' Eyes Only*. The term and designation "Highly Confidential – Attorneys' Eyes Only" information shall mean any document or information that, in addition to satisfying the requirements set forth in Paragraph 5 above, the designating party or third party believes in good faith includes highly confidential business information, the disclosure of which to another party or third party could cause significant competitive injury to the designating party. Notwithstanding the foregoing, by agreeing to this Stipulation, unless otherwise agreed elsewhere, no party or third party waives the right to challenge any designating party's designation of any document as "Highly Confidential – Attorneys' Eyes Only."

7. *Scope*. The protections conferred by this Order cover not only Confidential or Highly Confidential – Attorneys' Eyes Only information (as defined above), but also (1) any information copied or extracted from such information; (2) all copies, excerpts, summaries, or compilations of such information; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal such information.

8. *Access to and use of Confidential Information.*

    8.1 *Basic Principles*. All documents, testimony, or other materials produced by designating parties in this case and labeled "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be used only in the above-captioned proceeding. Any receiving party may use Confidential or Highly Confidential – Attorneys' Eyes Only information that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential or Highly Confidential – Attorneys' Eyes Only information may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential or Highly Confidential – Attorneys' Eyes Only information must be stored and maintained by a receiving party's counsel at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    8.2 *Disclosure of Confidential Information*. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Confidential information only to:

PAGE 3 – STIPULATED PROTECTIVE ORDER

LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

022510.0155/8791451.2

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" set forth in Exhibit A;

(d) the Court, court personnel, and court reporters and their staff; mediators retained by the parties and their staff;

(e) discovery, copy, or imaging services retained by counsel to assist in the collection, review, production, or duplication of Confidential information, provided that counsel for the party retaining such service instructs the service not to disclose any Confidential information to third parties and that such services agree to, upon request, promptly return all originals and copies of any Confidential information;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" set forth in Exhibit A, unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.3 "Highly Confidential – Attorneys' Eyes Only". Use of any information, documents, or portions of documents marked "Highly Confidential – Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 8.2(a), 8.2(c), 8.2(d), 8.2(e), 8.2(f) only in the event where the deponent is being

PAGE 4 – STIPULATED PROTECTIVE ORDER

LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

022510.0155/8791451.2

questioned about his or her company's own document, and 8.2(g), unless additional persons are stipulated by counsel or authorized by the Court.

    8.4 *Filing Confidential Information.* If portions of documents or other materials deemed "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal in accordance with the Court's Individual Practices, the Court's standing order, 19-mc-00583, and ECF Rules & Instructions, section 6. If a party is filing a document that it has itself designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," that party shall reference this Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and the designating party does not file, within ten (10) calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

    8.5 This Order has no effect upon, and shall not apply to, a producing party's use or disclosure of documents that the producing party created and/or was the intended recipient thereof that has not been marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by the other party.

    9. *DESIGNATING PROTECTED MATERIAL.*

    9.1 *Exercise of Restraint and Care in Designating Material for Protection.* Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

PAGE 5 – STIPULATED PROTECTIVE ORDER    **LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

022510.0155/8791451.2

9.2     *Manner and Timing of Designations*.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

(a)     *Information in documentary form*:   (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page of a document that contains Confidential or Highly Confidential – Attorneys' Eyes Only information.

(b)     *Testimony given in deposition or in other pretrial proceedings*: The parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any party or non-party may, within fifteen (15) days after receiving the final, certified transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential.  If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)     *Other tangible items*: The producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

9.3     *Inadvertent Failures to Designate*.  An inadvertent failure to designate qualified information or items does not waive the designating party's right to secure protection under this Order for such material.  The receiving party or its counsel shall not disclose such documents or materials if that party knows or reasonably should know that a claim of confidentiality would be made by the producing party.  Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated

PAGE 6 – STIPULATED PROTECTIVE ORDER

LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

022510.0155/8791451.2

documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

10. *CHALLENGING CONFIDENTIALITY DESIGNATIONS*

    10.1 *Timing of Challenges.* Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    10.2 *Meet and Confer.* The parties must attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

    10.3 *Judicial Intervention.* If the parties are unable to resolve the matter informally, they shall jointly contact the appropriate judge's chambers for approval prior to filing any written motion relating to this Protective Order. If the Court determines that the issue requires the formal filing of a motion and briefing, only then may a party file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party that disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

PAGE 7 – STIPULATED PROTECTIVE ORDER

LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

022510.0155/8791451.2

11. *PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION*

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) provided the designating party responds within seven days to notice provided pursuant to paragraph (a), cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential information may be affected.

12. *UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL*

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential or Highly Confidential – Attorneys' Eyes Only information to any person or in any circumstance not authorized under this Order, the receiving party must promptly (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13. *INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL*

The inadvertent production of information protected by the attorney-client privilege or the work product doctrine is not a waiver in the pending case or in any other federal, state, or arbitration proceeding. After receiving notice of an inadvertent production from the producing party, the receiving party shall promptly return the specified information and any copies in its possession, custody, or control, treat that inadvertent production as if it were privileged, not use

PAGE 8 – STIPULATED PROTECTIVE ORDER

LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

022510.0155/8791451.2

the inadvertent production in any public filings, and make no further use or disclose the information.

14. *NON-TERMINATION AND RETURN OF DOCUMENTS.*

The terms, obligations and disclosure limitations contained within this protective order shall survive the termination of this litigation. Within 60 days after the termination of this action, including all appeals, each receiving party must return all Confidential or Highly Confidential – Attorneys' Eyes Only information to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain archival copies of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, discovery materials, and consultant and expert work product, even if such materials contain Confidential or Highly Confidential – Attorneys' Eyes Only information. The confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

Nothing in this Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of Confidential or Highly Confidential – Attorneys' Eyes Only information, or other modifications, subject to order by the Court.

IT IS SO STIPULATED.

//
//
//
//
//
//
//
//

PAGE 9 – STIPULATED PROTECTIVE ORDER

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

022510.0155/8791451.2

Dated: December 30, 2021

LANE POWELL PC

By: /s/ David G. Hosenpud
David G. Hosenpud (*pro hac vice*)
Aaron Schaer (*pro hac vice*)
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone No.: 503.778.2100
Facsimile No.: 503.778.2200
hosenpudd@lanepowell.com
schaera@lanepowell.com

- and -

BINDER & SCHWARTZ LLP

Neil S. Binder
366 Madison Avenue, 6th Floor
New York, New York 10017
Telephone No.: 212.510.7008
Facsimile No.: 212.510.7299
nbinder@binderschwartz.com

*Attorneys for Plaintiff Frontier Airlines*

Dated: December 30, 2021

CLIFFORD CHANCE US LLP

By: /s/ John P. Alexander
Jeff E. Butler
John P. Alexander
31 West 52nd Street
New York, New York
T: 212.878.8205
F: 212.878.8375
Jeff.butler@cliffordchance.com
John.alexander@cliffordchance.com

*Attorneys for Defendants*

PAGE 10 –STIPULATED PROTECTIVE ORDER

LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

022510.0155/8791451.2

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action, *as modified by the Court in p. 2, ¶ 4 above.*

**IT IS SO ORDERED.**

DATED: Jan. 4, 2022

_____
Hon. Louis L. Stanton
United States District Court Judge

PAGE 11 –STIPULATED PROTECTIVE ORDER

LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

022510.0155/8791451.2

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the above Stipulated Protective Order. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order.

Date: _____

Printed name: _____

Signature: _____

PAGE 12 – STIPULATED PROTECTIVE ORDER

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

022510.0155/8791451.2