# Exhibit A



DAVID G. HOSENPUD
503.778.2141
hosenpudd@lanepowell.com

January 4, 2022

**CONFIDENTIAL**

**VIA ELECTRONIC MAIL**

Jeff E. Butler
John P. Alexander
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY 10019-6131
jeff.butler@cliffordchance.com
john.alexander@cliffordchance.com

Re:   *Frontier Airlines, Inc. v. AMCK Aviation Holdings Ireland Limited et al.*, 20 Civ. 9713 (LLS) – Sale of AMCK Assets and Second Set of Discovery Requests

Dear Counsel:

We have become aware that AMCK is selling its aviation assets to Carlyle Aviation Partners and/or Maverick Aviation Partnership LP ("Carlyle"), and that this asset sale will include all the Frontier aircraft currently on lease.

This proposed asset sale is restricted by Clause 20.2 of each aircraft lease agreement between Frontier and AMCK. Under Clause 20.2, AMCK must provide Frontier with notice of any novation, transfer, or disposal of Lessor's/Owner Participant's rights and obligations under each lease and other "Operative Documents." *See* § 20.2(a). Further, the transfer cannot result in greater financial obligation or liability for Lessee and it cannot result in any restriction on Lessee's rights under each lease and other Lessee's Documents. *Id.*

AMCK has violated this Clause. Specifically, AMCK has not provided Frontier with the requisite notice. Moreover, if Carlyle does not fully assume all existing and future liabilities of AMCK, the proposed transfer will result in restrictions on Frontier's rights under each lease and the other Lessee's Documents to seek damages arising out of Frontier's claims against AMCK in the above-captioned lawsuit—another violation of Clause 20.2. As a result, Frontier is under no obligation to consent to the proposed transfer.

Jeff E. Butler  **CONFIDENTIAL**
John P. Alexander
January 4, 2022
Page 2

Further, given that the pending lawsuit between Frontier and AMCK involves a substantial portion of AMCK's aviation assets and the precarious timing of this asset transfer, we question whether such transfer can pass muster under the Uniform Voidable Transactions Act. And to the extent this transfer will leave AMCK insolvent, additional legal questions arise regarding AMCK's duties to its creditors, as well as Carlyle's knowledge and participation in assisting AMCK in potentially avoiding its debts and other legal obligations.

As a result of the outstanding questions caused by this proposed transfer—which, to be clear, Frontier learned of on its own, not through any notice by AMCK—Frontier is propounding the enclosed second set of discovery requests. Frontier appreciates that, if AMCK chooses to wait the full 30 days in which to respond, its document production would occur after the current January 10, 2022, document production deadline. In light of the fact that Frontier only recently found out about this previously undisclosed development that directly impacts this pending litigation—including AMCK's ability to pay any judgment—and prior conversations between the parties and the Court that we would adjust discovery deadlines as necessary, we trust that AMCK would stipulate to any necessary discovery extension in order to fully answer the second set of discovery requests. Moreover, regardless of the case schedule, Frontier requires and has a contractual right to this information in order to assess whether the proposed transfer is even permitted under the leases and other Lessee's Documents and, accordingly, whether Frontier can provide the consent necessary to consummate the proposed transfer.

Given the timing, and so that Frontier can seek any necessary relief from the Court, Frontier requests that AMCK provide a response no later than **Thursday, January 6, 2022**, whether AMCK will produce documents in response to the enclosed second set of discovery requests, will stipulate to a discovery extension, or is taking some different position. Thank you.

Sincerely,

LANE POWELL PC

David G. Hosenpud

Enclosure: Frontier's Second Set of Discovery Requests on Defendant AMCK
cc:     Aaron Schaer

022510.0155/8824178.3