# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRONTIER AIRLINES, INC.<br><br>Plaintiff,<br><br>-against-<br><br>AMCK AVIATION HOLDINGS IRELAND LIMITED, ACCIPITER INVESTMENT 4 LIMITED, VERMILLION AVIATION (TWO) LIMITED, WELLS FARGO TRUST COMPANY, N.A., solely in its capacity as OWNER TRUSTEE, and UMB BANK, N.A., solely in its capacity as OWNER TRUSTEE,<br><br>Defendants. | Case No.: 1:20-cv-09713 |

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS TO DEFENDANT AMCK**

Pursuant to Federal Rules of Civil Procedure 26, 33, and 34, Plaintiff Frontier Airlines, Inc. ("Plaintiff" or "Frontier") propounds the following interrogatories and requests for production of documents on Defendant AMCK Aviation Holdings Ireland Limited ("Defendant" or "AMCK"). The documents requested by these requests for production are to be produced for inspection and copying at the offices of Lane Powell PC, 601 SW Second Avenue, Suite 2100, Portland, Oregon 97204, within thirty (30) days of the date of service of these requests upon you. Likewise, the interrogatories are to be answered fully, in writing, within thirty (30) days from the date of service of these requests upon you.

These discovery requests are continuing in nature. In accordance with Federal Rule of Civil Procedure 26(e), any documents or information within the scope of these discovery requests that may become known to you, your agents, representatives, or attorneys at any time up to and including the time of trial, and that alters or augments your current answers, must be set forth in a

supplemental response and served upon the undersigned counsel for Plaintiff within a reasonable time following discovery of such additional documents or information and prior to trial. If any document or information requested is not provided, Plaintiff will move at the time of trial to exclude such document or information and for appropriate terms.

Accordingly, if and when you obtain any information which materially affects your answer or response to a discovery request, the affect answer or response shall be deemed no longer true, and your failure promptly to supplement or amend such answer or response shall be deemed, in substance, a knowing concealment.

If the production of documents or information is objected to, or a privilege is asserted, please identify the specific nature of the objection or privilege asserted, providing a sufficient explanation concerning the nature of the document or information withheld that any potential dispute may be submitted to the court for resolution.

The language of each discovery request should be construed in the broadest possible sense permissible under the Federal Rules of Civil Procedure to the end that full and complete discovery may be obtained with regard to the matters requested.

## DEFINITIONS

A.  The following definitions apply to all discovery requests:

(1) <u>Communication</u>. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2) <u>Document</u>. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

(3) <u>Identify</u> (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) <u>Identify</u> (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

(5) <u>Parties</u>. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6) <u>Person</u>. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

(7) <u>Concerning</u>. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

(8) <u>Shareholders</u>. The term "shareholders" shall include, but is not limited to, CK Asset Holdings Limited.

(9) <u>Board of Directors</u>. The term "Board" shall mean the board of directors of CK Asset Holdings Limited and the individual board members including, but not limited to, LI Tzar Kuoi, Victor Chairman and Managing Director; KAM Hing Lam Deputy Managing Director; IP

Tak Chuen, Edmond Deputy Managing Director; CHUNG Sun Keung, Davy Executive Director; CHIU Kwok Hung, Justin Executive Director; CHOW Wai Kam, Raymond Executive Director; PAU Yee Wan, Ezra Executive Director; WOO Chia Ching, Grace Executive Director; CHEONG Ying Chew, Henry Independent Non-executive Director; CHOW Nin Mow, Albert Independent Non-executive; Director HUNG Siu-lin, Katherine Independent Non-executive Director; Colin Stevens RUSSEL Independent Non-executive Director; and Donald Jeffrey ROBERTS Independent Non-executive Director.

(10) <u>March 2020 Framework Agreement</u>. The term "March 2020 Framework Agreement" means the agreement entered by Frontier and AMCK on March 14, 2020.

(11) <u>Aircraft Lease Agreements</u>. The term "Aircraft Lease Agreements" means the aircraft lease agreements entered by Frontier and AMCK for the sale and leaseback of any aircraft subject to any Framework Agreements between the parties.

B. The following rules of construction apply to all discovery requests:

(1) All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

(2) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(3) Number. The use of the singular form of any word includes the plural and vice versa.

## REQUESTS

**REQUEST FOR PRODUCTION NO. 32:** All communications and documents concerning, referring, and/or relating to any asset transfer from AMCK to Carlyle Aviation

Partners and/or Maverick Aviation Partnership LP, including but not limited to any letters of intent, asset purchase agreements, and other agreements or contracts related to the asset transfer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:** All communications and documents concerning, referring, and/or relating to the closing date(s) of the asset transfer from AMCK to Carlyle Aviation Partners and/or Maverick Aviation Partnership LP, including but not limited to any letters of intent, asset purchase agreements, and other agreements or contracts related to the asset transfer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:** All communications and documents concerning, referring, and/or relating to the valuation—including by AMCK, Carlyle Aviation Partners, Maverick Aviation Partnership LP, and/or a third-party—of any assets exchanged in the asset transfer from AMCK to Carlyle Aviation Partners and/or Maverick Aviation Partnership LP.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:** All communications and documents concerning, referring, and/or relating to any consideration or proceeds provided by Carlyle Aviation Partners and/or Maverick Aviation Partnership LP to AMCK related to any asset transfer from AMCK to Carlyle Aviation Partners and/or Maverick Aviation Partnership LP.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:** All communications and documents concerning, referring, and/or relating the identity of the owner(s) of any depository account into which the proceeds from the asset transfer from AMCK to Carlyle Aviation Partners and/or Maverick Aviation Partnership LP will be deposited, as well as the amounts to be deposited into each depository account, and the date and/or expected date of each deposit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:** All communications and documents concerning, referring, and/or relating to the identity of any escrow company that will be used in connection with any consideration or proceeds exchanged in the asset transfer from AMCK to Carlyle Aviation Partners and/or Maverick Aviation Partnership LP, along with any agreements or contracts related to the use of each escrow company.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:** All communications and documents between AMCK and Carlyle Aviation Partners and/or Maverick Aviation Partnership LP concerning, referring, and/or relating Frontier or this litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:** All communications and documents concerning, referring, and/or relating to AMCK's financial condition or solvency.

**RESPONSE:**

## INTERROGATORIES

**INTERROGATORY NO. 5:** Please describe whether and to what extent the asset transfer from AMCK to Carlyle Aviation Partners and/or Maverick Aviation Partnership LP will affect AMCK's and/or any other Defendants' solvency or ability to pay $53,000,000, prejudgment and post judgment interest, and reasonable attorney's fees and costs relating to this litigation.

**ANSWER:**

**INTERROGATORY NO. 6:** Please describe whether and to what extent AMCK intends to retain any consideration or proceeds related to the asset transfer from AMCK to Carlyle Aviation Partners and/or Maverick Aviation Partnership LP.  To the extent AMCK does not intend to retain the full amount of consideration or proceeds, please describe when, where, and what entities AMCK intends to transfer said consideration or proceeds.

**ANSWER:**

**INTERROGATORY NO. 7:** Please identify all of AMCK's creditors, as well as the amounts owing related to each creditor.  For purposes of this Interrogatory, the term "creditor" includes, but is not limited to, any "person that has a claim" against AMCK pursuant to N.Y. Debt. & Cred. Law § 270.

**ANSWER:**

DATED:  January 4, 2022

                                                     **LANE POWELL PC**

By: _/s/ David G. Hosenpud_
David G. Hosenpud (*pro hac vice*)
Aaron Schaer (*pro hac vice*)
601 SW Second Avenue, Suite 2100
Portland, Oregon  97204-3158
Telephone No.:  503.778.2100
Facsimile No.:  503.778.2200
Email:  hosenpudd@lanepowell.com
Email:  schaera@lanepowell.com
-and-

**BINDER & SCHWARTZ LLP**
Neil S. Binder
366 Madison Avenue, 6th Floor
New York, New York  10017
Telephone No.:  212.510.7008
Facsimile No.:  212.510.7299
Email:  nbinder@binderschwartz.com

*Attorneys for Plaintiff, Frontier Airlines, Inc.*

## CERTIFICATE OF SERVICE

I, David G. Hosenpud, hereby certify that on this 4th day of January, 2022, I caused a copy of the foregoing **PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS ON DEFENDANT AMCK** to be served via electronic mail and U.S. Mail (on January 5, 2022), on the following:

Jeff E. Butler
John P. Alexander
Minji Reem
Karleene Diaz
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019
John.Alexander@CliffordChance.com
Jeff.Butler@CliffordChance.com

David G. Hosenpud