ORIGINAL



# LANE POWELL

# MEMO ENDORSED

January 10, 2022

DAVID G. HOSENPUD
503.778.2141
hosenpudd@lanepowell.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/14/22

By ECF
The Honorable Louis L. Stanton
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Frontier Airlines v. AMCK Aviation, et al.*, No. 20 Civ. 09713 (LLS) (S.D.N.Y.)

Dear Judge Stanton:

This office, along with Binder & Schwartz LLP, represent Plaintiff Fronter Airlines, Inc. ("Frontier") in the above-captioned matter. We write to request that the Court approve a 32-day extension of the deadline to complete document productions, from January 10, 2022, to February 11, 2022. Counsel for Frontier met and conferred with counsel for Defendants, but were unable to reach an agreement on this request.[1]

Both parties have diligently worked to meet the January 10, 2022 document production deadline and thousands of pages of documents have been produced as of this date. However, a recent development makes a further extension necessary.

At the end of December 2021, Frontier became aware that Defendant AMCK Aviation Holdings Ireland Limited ("AMCK") is selling all of its aviation assets to Carlyle Aviation Partners and/or Maverick Aviation Partnership LP (collectively, "Carlyle"), and that this asset sale will include all the Frontier aircraft currently on lease and at issue in this lawsuit. Such an asset sale appears to violate each aircraft lease agreement between Frontier and AMCK, which are at the heart of this litigation. Specifically, Clause 20.2 of those leases require that AMCK provide Frontier with notice of any novation, transfer, or disposal of AMCK's rights and obligations under each lease and other "Operative Documents." Further, any such transfer cannot result in greater financial obligation or liability for Frontier and it cannot result in any restriction on Frontier's rights under each lease and other Lessee's Documents. *Id.* AMCK has not provided Frontier with the requisite notice, and the proposed asset transfer may result in

granted
Louis L.
Stanton
1/14/22

---

[1] The parties extensively conferred via email from January 6-10, 2022 regarding the extension. Frontier attempted, but was unable, to arrange a phone call on January 10 when it became clear that AMCK would no longer agree to the proposed language in the extension request.

601 S.W. SECOND AVENUE, SUITE 2100 | PORTLAND, OR 97204-3158   P 503.778.2100   F 503.778.2200   LANEPOWELL.COM
A PROFESSIONAL CORPORATION

The Honorable Louis L. Stanton
January 10, 2022
Page 2

restrictions on Frontier's rights under each lease and other Lessee's Documents, including its ability to seek damages arising out of its claims against AMCK in the lawsuit.

Frontier explained these issues to AMCK in a letter dated January 4, 2022. *See* Ex. A. Frontier further explained that, in light of the fact that this lawsuit involves a substantial portion of AMCK's aviation assets and the precarious timing of this asset transfer to Carlyle, Frontier questions, among other things, whether the asset transfer violates the Uniform Voidable Transactions Act.

Therefore, along with the January 4 letter, Frontier propounded a second set of interrogatories and requests for production on AMCK regarding this asset transfer, including any potential effects on this lawsuit. *See* Ex. B. Although Frontier sent this second set of discovery requests within days of learning about the asset sale, under the Federal Rules of Civil Procedure 33 and 34, AMCK's responses and document production are not due until February 3, 2022—24 days after the current document production deadline.

The parties met and conferred on extending the document production deadline. Although the parties reached an agreement on moving the deadline to February 11, 2022, they could not agree on the language of the proposed request. *See* Ex. C. In short, Frontier insisted on providing the Court with context for why Frontier propounded a second set of discovery requests on January 4 to establish the necessary good cause for the extension, while AMCK would not agree to any reference to the asset transfer or even a more vague reference to a "development with Defendants that could affect this lawsuit." *See id.*; *see also* Ex. D (draft letter requests exchanged between counsel, which appear as attachments in Exhibit C).

Frontier therefore respectfully requests an extension of the document production deadline to February 11, 2022. The additional week after the February 3 deadline will provide Frontier with sufficient time to review and, if necessary, follow up on any questions regarding AMCK's February 3 responses and document production. This is the second request to extend the document production deadline. *See* Dkt. # 67.

Respectfully submitted,

DATED: January 10, 2022

    LANE POWELL PC


By:    /s/ David G. Hosenpud
    David G. Hosenpud (*pro hac vice*)
    Aaron Schaer (*pro hac vice*)
    601 SW Second Avenue, Suite 2100
    Portland, Oregon 97204-3158

The Honorable Louis L. Stanton
January 10, 2022
Page 3

>
> Telephone No.: 503.778.2100
> Facsimile No.: 503.778.2200
> hosenpudd@lanepowell.com
> schaera@lanepowell.com
>
> - and -
>
> BINDER & SCHWARTZ LLP
>
> Neil S. Binder
> 366 Madison Avenue, 6th Floor
> New York, New York 10017
> Telephone No.: 212.510.7008
> Facsimile No.: 212.510.7299
> nbinder@binderschwartz.com
>
> *Attorneys for Plaintiff Frontier Airlines*

APPROVED.

DATED: January ___, 2022

                                                                         _____
                                                                         United States District Judge

022510.0155/8828979.4