**CLIFFORD**
**CHANCE**

CLIFFORD CHANCE US LLP

31 WEST 52ND STREET
NEW YORK, NY 10019-6131

TEL +1 212 878 8000
FAX +1 212 878 8375

www.cliffordchance.com

**BY ECF**

Direct Dial: +1 212 878 8205
E-mail: jeff.butler@cliffordchance.com

March 2, 2022

The Honorable Louis L. Stanton
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Frontier Airlines, Inc. v. AMCK Aviation Holdings Ireland Limited et al.*,
      20 Civ. 9713 (LLS)

Your Honor:

On behalf of Defendant AMCK Aviation Holdings Ireland Limited ("AMCK"), we are writing to request a pre-motion conference pursuant to Section 2.A of Your Honor's Individual Practices and Local Civil Rule 37.2. AMCK seeks a protective order precluding the depositions of two executives of AMCK's parent company. These individuals serve as corporate directors of AMCK, but they are not part of AMCK's management team and they were not directly involved in any relevant matters. Plaintiff Frontier Airlines, Inc. ("Frontier") has noticed these depositions in addition to depositions of several other senior executives more directly involved in the Frontier relationship.

This action arises from the termination, in May 2020, of a Framework Agreement concerning the sale and leaseback of six commercial aircraft. AMCK terminated the Framework Agreement based on payment defaults by Frontier under several other aircraft lease agreements. Frontier claims that AMCK agreed to a deferral of rent on those leases and therefore had no right to terminate the Framework Agreement. Thus, this action centers on communications between AMCK and Frontier in the time leading up to the termination of the Framework Agreement.

AMCK has agreed to make available for deposition five witnesses requested by Frontier. These include Paul Sheridan, AMCK's Chief Executive Officer and Jane O'Callaghan, AMCK's Chief Commercial Officer. Mr. Sheridan and Ms. O'Callaghan were AMCK's principal negotiators in discussions with Frontier regarding the payment defaults and potential rent deferral. In addition to these depositions, Frontier has requested depositions of Gerald Ma and Francis Lee. These individuals are AMCK directors (or, in Mr. Lee's case, an alternate director) and are employed by AMCK's parent company, CK Asset Holdings Limited. Neither Mr. Ma nor Mr. Lee was involved directly in communications with Frontier concerning payment defaults or rent deferral.

CLIFFORD CHANCE US LLP

Federal courts do not automatically allow depositions of high-level corporate officers or directors, also known as "apex witnesses." Rather:

> Courts consider the likelihood that the individual possesses relevant knowledge and whether another source could provide identical information. Unless the executive has some unique knowledge, it may be appropriate to preclude a redundant deposition of that individual.

*Treppel v. Biovail Corp.*, No. 03 Civ. 3002, 2006 WL 468314, at *2 (S.D.N.Y. Feb. 28, 2006) (internal citations and alterations omitted); *see also Murray v. Cty. of Suffolk*, 212 F.R.D. 108, 109 (E.D.N.Y. 2002) ("Depositions of high-level corporate executives may be duplicative, cumulative and burdensome where the person sought to be deposed has no personal knowledge of the events in dispute.").

Here, Frontier cannot show that Mr. Ma or Mr. Lee has any unique, relevant knowledge of the communications between AMCK and Frontier. At most, these individuals played a behind-the-scenes role in determining the content of AMCK's communications with Frontier. To the extent such matters are relevant, Mr. Sheridan and Ms. O'Callaghan will be able to testify about any input they received from Mr. Ma or Mr. Lee.

At the very least, depositions of Mr. Ma and Mr. Lee should be deferred until after the depositions of Mr. Sheridan and Ms. O'Callaghan take place. At that point, the Court will be in a better position to determine whether Mr. Ma or Mr. Lee has any unique, relevant knowledge. *See, e.g., Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, No. 14 Civ. 2590, 2017 WL 2266983, at *3 (S.D.N.Y. Apr. 26, 2017) (precluding depositions of additional directors until party could "demonstrate that the [other] depositions . . . and the minutes of the board meetings do not provide sufficient information"); *Treppel*, 2006 WL 468314, at *2-3 (granting motion for protective order where plaintiff failed to show executive's unique knowledge and "has made no attempt to depose any lower level executives").

Respectfully submitted,

  S/ Jeff E. Butler

Jeff E. Butler