**CLIFFORD CHANCE**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/21/22

**CLIFFORD CHANCE US LLP**

31 WEST 52ND STREET
NEW YORK, NY 10019-6131
TEL +1 212 878 8000
FAX +1 212 878 8375
www.cliffordchance.com

MEMO ENDORSED

BY ECF

Direct Dial: +1 212 878 8205
E-mail: jeff.butler@cliffordchance.com

The Honorable Louis L. Stanton
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

March 2, 2022

*This application for a protective order is denied.*

*Louis L. Stanton*
*3/21/22*

Re:  *Frontier Airlines, Inc. v. AMCK Aviation Holdings Ireland Limited et al.*,
20 Civ. 9713 (LLS)

Your Honor:

On behalf of Defendant AMCK Aviation Holdings Ireland Limited ("AMCK"), we are writing to request a pre-motion conference pursuant to Section 2.A of Your Honor's Individual Practices and Local Civil Rule 37.2. AMCK seeks a protective order precluding the depositions of two executives of AMCK's parent company. These individuals serve as corporate directors of AMCK, but they are not part of AMCK's management team and they were not directly involved in any relevant matters. Plaintiff Frontier Airlines, Inc. ("Frontier") has noticed these depositions in addition to depositions of several other senior executives more directly involved in the Frontier relationship.

This action arises from the termination, in May 2020, of a Framework Agreement concerning the sale and leaseback of six commercial aircraft. AMCK terminated the Framework Agreement based on payment defaults by Frontier under several other aircraft lease agreements. Frontier claims that AMCK agreed to a deferral of rent on those leases and therefore had no right to terminate the Framework Agreement. Thus, this action centers on communications between AMCK and Frontier in the time leading up to the termination of the Framework Agreement.

AMCK has agreed to make available for deposition five witnesses requested by Frontier. These include Paul Sheridan, AMCK's Chief Executive Officer and Jane O'Callaghan, AMCK's Chief Commercial Officer. Mr. Sheridan and Ms. O'Callaghan were AMCK's principal negotiators in discussions with Frontier regarding the payment defaults and potential rent deferral. In addition to these depositions, Frontier has requested depositions of Gerald Ma and Francis Lee. These individuals are AMCK directors (or, in Mr. Lee's case, an alternate director) and are employed by AMCK's parent company, CK Asset Holdings Limited. Neither Mr. Ma nor Mr. Lee was involved directly in communications with Frontier concerning payment defaults or rent deferral.

CLIFFORD CHANCE US LLP

Federal courts do not automatically allow depositions of high-level corporate officers or directors, also known as "apex witnesses." Rather:

> Courts consider the likelihood that the individual possesses relevant knowledge and whether another source could provide identical information. Unless the executive has some unique knowledge, it may be appropriate to preclude a redundant deposition of that individual.

*Treppel v. Biovail Corp.*, No. 03 Civ. 3002, 2006 WL 468314, at *2 (S.D.N.Y. Feb. 28, 2006) (internal citations and alterations omitted); *see also Murray v. Cty. of Suffolk*, 212 F.R.D. 108, 109 (E.D.N.Y. 2002) ("Depositions of high-level corporate executives may be duplicative, cumulative and burdensome where the person sought to be deposed has no personal knowledge of the events in dispute.").

Here, Frontier cannot show that Mr. Ma or Mr. Lee has any unique, relevant knowledge of the communications between AMCK and Frontier. At most, these individuals played a behind-the-scenes role in determining the content of AMCK's communications with Frontier. To the extent such matters are relevant, Mr. Sheridan and Ms. O'Callaghan will be able to testify about any input they received from Mr. Ma or Mr. Lee.

At the very least, depositions of Mr. Ma and Mr. Lee should be deferred until after the depositions of Mr. Sheridan and Ms. O'Callaghan take place. At that point, the Court will be in a better position to determine whether Mr. Ma or Mr. Lee has any unique, relevant knowledge. *See, e.g., Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, No. 14 Civ. 2590, 2017 WL 2266983, at *3 (S.D.N.Y. Apr. 26, 2017) (precluding depositions of additional directors until party could "demonstrate that the [other] depositions . . . and the minutes of the board meetings do not provide sufficient information"); *Treppel*, 2006 WL 468314, at *2-3 (granting motion for protective order where plaintiff failed to show executive's unique knowledge and "has made no attempt to depose any lower level executives").

Respectfully submitted,

S/ Jeff E. Butler

Jeff E. Butler



David G. Hosenpud
503.778.2141
hosenpudd@lanepowell.com

March 4, 2022

**By ECF**

The Honorable Louis L. Stanton
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Frontier Airlines v. AMCK Aviation, et al.*, Case No. 20-cv-09713-LLS

Dear Judge Stanton:

Plaintiff Frontier Airlines, Inc. files this response to Defendant AMCK Aviation Holdings Ireland Limited's request for a pre-motion conference regarding a protective order precluding the depositions of Messrs. Gerald Ma and Francis Lee. AMCK Letter (ECF No. 77).

As the Court recognized in its order denying AMCK's motion to dismiss, the circumstances of this case "are so based on oral discussions, e-mails, conflicting beliefs about what was understood and expected, and the like," that any resolution of the merits "must rest upon a fuller understanding of the facts" arising from such evidence. Order (ECF No. 45) at 3. AMCK attempts to narrow this case to a breach of contract matter, and the factual inquiry to "communications between AMCK and Frontier." AMCK Letter at 1. But this case includes claims not just for breach of contract, *see* Compl. (ECF No. 1) Claims 1–3, but also breach of the implied duty of good faith and fair dealing, breach of the covenant of quiet enjoyment, promissory estoppel, and fraud, *see id.* Claims 4–7; *see also* Order at 3 ("Frontier has stated claims upon which relief can be granted in its First through Seventh Claims"). The intent, actions, and personal knowledge of AMCK's key decision-makers—as well as their interactions among themselves—go directly to each of these claims, even if that information was not communicated to Frontier at the time of the dispute. In fact, AMCK's failure to disclose its true intent and motivations to Frontier directly supports the claims for breach of the implied duty of good faith and fair dealing and fraud. *See, e.g., Crigger v. Fahnestock & Co.*, 443 F.3d 230, 234 (2d Cir. 2006) (citing the five elements of a fraud claim under New York law: "(1) a material misrepresentation or omission of fact (2) made by defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff."). Based on the evidence produced in discovery, it appears that Messrs. Ma and Lee were AMCK's key decision-makers.

The Honorable Stanton
March 4, 2022
Page 2

"[H]ighly-placed executives are not immune from discovery," and "are not automatically given special treatment which excuses them from being deposed." *Six W. Retail Acquisition v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 102 (S.D.N.Y. 2001) (internal citations and quotations omitted); *Treppel v. Biovail Corp.*, No. 03 CIV. 3002 PKL JCF, 2006 WL 468314, at *1 (S.D.N.Y. Feb. 28, 2006). Depositions of the high-level corporate executives may be prevented "where the person sought to be deposed *has no personal knowledge of the events in dispute*." *Murray v. Cty. of Suffolk*, No. CV 01-3118 (TCP)(ETB), 212 F.R.D. 108, 109 (E.D.N.Y. 2002) (emphasis added). But when "it is apparent that [the witness] has personal knowledge of facts relevant to th[e] lawsuit, plaintiff must carry a heavy burden to demonstrate good cause for a protective order." *CBS, Inc. v. Ahern*, 102 F.R.D. 820, 822 (S.D.N.Y. 1984). "Even where * * * a high-ranking corporate officer denies personal knowledge of the issues at hand, this claim * * * is subject to testing by the examining party." *Six. W. Retail Acquisition*, 203 F.R.D. at 102 (citation omitted). To be sure, "[a]n order barring a litigant from taking a deposition is most extraordinary relief." *Spreadmark, Inc. v. Federated Dep't Stores, Inc.*, 176 F.R.D. 116, 118 (S.D.N.Y. 1997) (citation omitted).

This is not a case where the directors/shareholders have "no personal knowledge of the events in dispute." *Contra* AMCK Letter at 2 (quoting *Murray* 212 F.R.D. at 109, a case in which the Police Commissioner had no personal knowledge of the alleged misconduct).

Contrary to AMCK's assertions, Frontier has substantial evidence[1] demonstrating that Messrs. Ma and Lee have unique, relevant, personal knowledge of the events in dispute. Multiple documents demonstrate that Messrs. Ma and Lee, as well as AMCK's other shareholders, were the key decision-makers. Evidence shows that they directed AMCK's negotiations with Frontier related to the matters in dispute, including AMCK's anticipatory repudiation and termination of the Framework Agreement. This type of evidence directly relates to all the claims in this case.

Further, there are numerous communications from AMCK executives Paul Sheridan and Jane O'Callaghan—who AMCK claims in its letter are the relevant decision-makers—explaining that they have no authority to make a decision about the aircraft deferral discussions, but instead are relying on direction from AMCK's board/shareholders (*i.e.*, Messrs. Ma and Lee).

The depositions of Messrs. Ma and Lee will not be duplicative, nor can all necessary topics be sufficiently answered by Mr. Sheridan and Ms. O'Callaghan. The evidence shows that Messrs. Ma and Lee often disagreed with AMCK's executives regarding how to handle the Frontier situation—with AMCK ultimately following Messrs. Ma and Lee's directives. Moreover, neither Mr. Sheridan nor Ms. O'Callaghan (nor the other three AMCK

---

[1] Frontier produced examples of this evidence under seal because AMCK designated these documents "Confidential" pursuant to the stipulated protective order. *See* Declaration of David G. Hosenpud (ECF No. 80), Exs. 1–3. Accordingly, at this time, Frontier will not discuss this evidence in depth in this response letter.

The Honorable Stanton
March 4, 2022
Page 3

representatives that Frontier has noticed for deposition) could have any knowledge about discussions solely between AMCK's shareholders and board members that informed AMCK's actions regarding Frontier. In short, in a case where the decision-makers' intent is at the core of the claims, Messrs. Ma and Lee have the relevant knowledge.

Courts have required purported apex individuals to sit for depositions based on less involvement in the action. *See, e.g.*, *Six W. Retail Acquisition*, 203 F.R.D. at 104 (ordering the deposition of apex individuals who "had been well-informed about" one of issues in dispute, and "had *some* unique knowledge" about another disputed area).

Frontier also opposes AMCK's request that Frontier be required to petition the Court for the depositions of Messrs. Ma and Lee only after deposing the other AMCK individuals and ascertaining whether the shareholders have "any unique, relevant knowledge." AMCK Letter at 2. In one of the cases AMCK cites to support this proposition, the Court specifically found that "several factors weigh in favor" of deposing the apex individuals, including that the case involved "multimillion dollar claims and counterclaims" with relevant "internal investigations and conversations," quite similar to the present matter. *Treppel*, 2006 WL 468314, at *2. The *Treppel* Court, however, determined that the depositions should be postponed because "[t]he plaintiff has not explained why the noticed individuals are believed to have personal knowledge of the underlying events, nor why that knowledge is believed to be unique." *Id.* at *3. Frontier has explained both.

In another of AMCK's cited cases, the Court ordered depositions of multiple directors, and then allowed the defendant to seek additional director depositions if necessary. *Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, 2017 WL 2266983, at *3 (S.D.N.Y. Apr. 26, 2017). Here, there are many other AMCK directors, shareholders, and board members that Frontier has not noticed for deposition. Instead, Frontier only seeks the depositions of Messrs. Ma and Lee—the two directors/shareholders with the most unique, personal knowledge.

Respectfully submitted,

LANE POWELL PC

s/David G. Hosenpud

David G. Hosenpud

cc:   Counsel of Record (via ECF)

022510.0155/8901037.2