ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/13/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -X

FRONTIER AIRLINES, INC.,

                  Plaintiff,                20 Civ. 9713 (LLS)

     - against -                  ORDER

AMCK AVIATION HOLDINGS IRELAND
LIMITED, ACCIPITER INVESTMENT 4
LIMITED, VERMILLION AVIATION (TWO)
LIMITED, WELLSFARGO TRUST COMPANY,
N.A., solely in its capacity as OWNER
TRUSTEE, and UMB BANK, N.A., solely
in its capacity as OWNER TRUSTEE,

                 Defendants.
- - - - - - - - - - - - - - - - - - - -X

    The suggestion in plaintiff's July 8, 2022 letter that

Frontier Airlines, Inc. v. AMCK Aviation Holdings Ireland

Limited et al., 1:20-cv-9713 (LLS) ("First Litigation"), and

Frontier Airlines, Inc. v. AMCK Aviation Holdings Ireland

Limited et al., 1:22-cv-2943 (PAE) ("Second Litigation") be

referred to a single judge as related pursuant to Rule 13(a) of

the Rules for the Division of Business Among District Judges is

rejected.

    While similar facts and parties are involved in both cases,

the cases themselves are quite distinct.

    The first litigation does not include as defendants Carlyle

Aviation Management Limited, Maverick Aviation Holds Ltd., or

Manchester Aviation Finance s.a.r.l, none of whom have any connection to the facts in that litigation.

The facts in the first litigation do not substantially overlap with those in the second action. The facts giving rise to the second matter arose over a year after the breach of contract alleged in the first case. The fraudulent transfer of assets claimed in the second action has no bearing on whether the Framework Agreement was breached, the basis for the first action. The contract dispute in the first litigation can be resolved without touching on whether AMCK stripped its assets to be judgment proof, and without subjecting the parties to any conflicting orders.

The second litigation concerns fifteen Lease Agreements, only one of which is implicated in the first action. The breach of contract claims for those fifteen Lease Agreements and the changes Carlyle made to the Lease Agreements are separate from whether AMCK breached the Framework Agreement.

In the first litigation, the Pretrial Order has been entered and the final conference is scheduled for January 2023. It will probably be tried and determined while the claims before Judge Engelmayer are in discovery proceedings.

Accordingly, plaintiff's letter motion to relate the cases (Dk. No. 87) is denied.

So ordered.

Dated:  New York, New York
        July 13, 2022

_Louis L. Stanton_
LOUIS L. STANTON
U.S.D.J.

3