## GUARANTY (MSN 10038)

**THIS GUARANTY (MSN 10038)** (this "**Guaranty**"), dated as of March 16, 2020, by **VERMILLION AVIATION (TWO) LIMITED** ("**Guarantor**") in favour of **FRONTIER AIRLINES, INC.** (the "**Beneficiary**").

**WHEREAS**, the Beneficiary, as lessee, and UMB Bank, N.A., not in its individual capacity but solely as owner trustee (in such capacity, as the "**Lessor**"), as lessor, entered into that certain Aircraft Lease Agreement dated as of March 16, 2020, as supplemented by the Lease Agreement Supplement No. 1, dated March 16, 2020, between Lessor and Beneficiary (together, and as hereinafter amended, supplemented and otherwise modified from time to time, the "**Lease**"), to lease one (1) Airbus model A320-251N aircraft, bearing manufacturer's serial number 10038 and U.S. Registration No. N370FR, including two (2) CFM International, Inc. model LEAP-1A26 engines bearing manufacturer's serial numbers 599709 and 599720 (the "**Aircraft**").

**NOW, THEREFORE**, Guarantor and Beneficiary hereby agree:

**Section 1. Guaranty by Guarantor**. (a) From and after the date of this Guaranty, Guarantor hereby irrevocably and unconditionally guarantees the due and punctual payment and performance of all of the obligations of Lessor under the Lease, in each case after any applicable notice requirements in accordance with the Lease (such obligations of Lessor being referred to herein as the "**Guaranteed Obligations**"). If Lessor fails to perform or comply with any such Guaranteed Obligation(s) in accordance with the Lease, then Guarantor hereby agrees to pay, perform or cause to be paid and/or performed, on demand, such Guaranteed Obligation(s) to the same extent as if it were the primary obligor. Guarantor hereby agrees that its obligations hereunder shall be unconditional, irrespective of the validity, regularity or enforceability of the Lease, any change in or amendment thereto, the absence of any action to enforce the same, any waiver or consent by Beneficiary with respect to any provision thereof, or any other circumstances, actions, omission or occurence which may otherwise constitute a legal or equitable discharge or defense of a guarantor, or vary the risk of Guarantor; provided, however (i) Guarantor's obligations under this Guaranty shall be subject to defenses available to Lessor, other than defenses relating to: (A) any change in the status of Guarantor as owner or an Affiliate (direct or indirect) of Lessor, (B) any amendment or modification to or increase in or extension of any of the obligations of Lessor under the Lease, (C) any action or omission of Beneficiary (unless such action or omission caused Lessor's failure to perform the Guaranteed Obligations), (D) the bankruptcy, insolvency, reorganization, dissolution or winding-up of Guarantor or Lessor and (E) the validity or enforceability of the Lease or of any term thereof or lack of power or authority of any party to enter into the Lease, and (ii) nothing contained herein shall be construed to be a waiver by Guarantor of presentment, demand for performance, protest or notice with respect to the Lease and the obligations evidenced thereby or hereby. This Guaranty is a guarantee of payment and performance, and not of collectability.

Guarantor irrevocably and unconditionally waives to the extent permitted by law, any and all defenses available to guarantors and sureties including, without limitation: (1) presentment, protest, demand, notice of dishonor or notice of default, (2) any requirement that Lessor or any other party be joined as a party to any proceedings for the enforcement of any provision of this Guaranty, and (3) acceptance of this Guaranty by Beneficiary or any notice of intention to rely hereon.

(b)     Guarantor shall be subrogated to all rights of Beneficiary in respect of any amounts paid by Guarantor pursuant to the provisions of this Guaranty; provided, however, that Guarantor shall be entitled to enforce, or to receive any payments arising out of or based upon, such right of subrogation only after the Guaranteed Obligations and any amounts owed to Beneficiary under the Lease have been performed or paid in full.

(c)     This Guaranty shall continue to be effective or be reinstated, as the case may be, if at any time any payment with respect to the Guaranteed Obligations or of any other amount owed to Beneficiary under the Lease is rescinded or must otherwise be returned by Beneficiary upon the insolvency, bankruptcy or reorganization of Lessor or otherwise, all as though such payment had not been made.

(d)     All payments under this Guaranty shall be made in full without set-off or counterclaim provided that there is no default or event of default under the Lease, and without any deduction or withholding in respect of Taxes unless required by any applicable law, or applicable regulation promulgated by any relevant governmental revenue authority, as then in effect. If Guarantor is required to so deduct or withhold in accordance with this Section 1(d), then Guarantor will pay such additional amount as is necessary to ensure that the net amount actually received by Beneficiary will equal the full amount Beneficiary would have received had no such deduction or withholding been required *provided that* Guarantor will not be required to pay any additional amount to Beneficiary in respect of any such deduction or withholding to the extent that Lessor would not have been required to pay such additional amount to Beneficiary pursuant to the provisions of the Lease relating to withholding taxes had the payment in respect of which such deduction or withholding is or was required been made, on a timely basis, by Lessor in accordance with the provisions of the Lease instead of Guarantor.

**Section 2.     Miscellaneous.**

**2.1     Representations and Warranties**.   Guarantor represents and warrants to Beneficiary that as of the date first set forth above (a) Guarantor is a company duly incorporated and validly existing under the laws of Ireland whose address and principal place of business is at 28/29 Sir John Rogerson's Quay, Dublin 2, Ireland, (b) has all requisite corporate power, and has all material governmental licenses, authorizations, consents and approvals, necessary to carry on its business as presently conducted, (c) it is duly authorized to execute, deliver and perform each and all of its obligations under this Guaranty; (d) this Guaranty constitutes the legal, valid, binding and enforceable obligation of Guarantor in accordance with its terms except as enforceability may be limited by bankruptcy, insolvency, reorganization, moratorium or similar laws and by general equitable principles; and (e) Guarantor's execution, delivery and performance of this Guaranty do not violate or constitute a breach of its organizational documents or any agreement to which Guarantor is a party, or any applicable laws, orders, regulations, decrees or awards of any court, governmental authority or arbitral body. Guarantor further represents and warrants that it has a total net worth as determined in accordance with GAAP in excess of US$15,000,000.

**2.2     Expenses**.  Guarantor agrees to be liable for the payment of all reasonable fees and expenses, including attorney's fees, incurred by Lessee in connection with the enforcement of this Guaranty.

**2.3     Notices**. All notices to Guarantor under this Guaranty and copies of all notices to Lessor under the Lease (which copies Beneficiary agrees to provide to Guarantor) shall, until Beneficiary receives written notice to the contrary, be mailed or delivered to Vermillion

IN WITNESS THEREOF, the parties hereto have caused this Guaranty (MSN 10038) to be duly executed and delivered as of the day and year first above written.

**VERMILLION AVIATION (TWO) LIMITED**

By: *[signature]*
Name: SHIGGOU KIZWA
Title: Attorney-in-fact

By: *[signature]*
Name: **Mitsuhiro Umino**
Title: Attorney-in-fact

*[Signature Page – Lessor Guarantee (MSN 10038)]*

ACCEPTED AND AGREED BY:

**FRONTIER AIRLINES, INC.**

By: _____
Name: James G. Dempsey
Title: Chief Financial Officer

*[Signature Page – Lessor Guarantee (MSN 10038)]*