| | |
|---|---|
| **From:** | Jane O'Callaghan |
| **Sent:** | Thursday, April 9, 2020 1:58 PM |
| **To:** | Robert Fanning; Sashikumar Sharath; Spencer Thwaytes |
| **Cc:** | Lauren Conlyn |
| **Subject:** | Fwd: Frontier - draft deferral in discussion for 14 of the 15 delivered aircraft |
| **Attachments:** | 20200408.7524_Frontier Forbearance Letter .docx; ATT00001.htm |

Hi Robert,

Herewith a draft of the deferral letter for 1 of the 14 aircraft (the recently delivered A320neo is excluded). We are in the process of cloning out the letter for the other 13 aircraft, but rather than wait thought it wise to send out the draft for your review.

Let us know if you have any comments?

Best regards,

Jane

**WELLS FARGO TRUST COMPANY, N.A.,**
not in its individual capacity but solely as owner trustee
299 S. Main Street, 5th Floor
Salt Lake City, UT 84111

To: **Frontier Airlines, Inc.**
4545 Airport Way,
Denver, Colorado 80239,
United States of America

_____ 2020

Dear Sirs and Madam:

We refer to:

(a) the Aircraft Lease Agreement, dated as of 19 February 2016, as may be amended, modified, supplemented and assigned from time to time, between Wells Fargo Trust Company, National Association, not is its individual capacity, but solely as owner trustee (the "**Lessor**"), and Frontier Airlines, Inc. (the "**Lessee**") (the "**Aircraft Lease Agreement**") in relation to one Airbus A321-211 aircraft bearing manufacturer's serial number 7524 and equipped with two CFM International model CFM56-5B3/3B1 engines bearing manufacturer's serial numbers 573962 and 573964 (the "**Aircraft**"),

(b) the request received from the Lessee for the Lessor's consent, subject to the terms and conditions set forth herein, temporarily to forbear from exercising its rights and remedies under the Aircraft Lease Agreement, solely in respect of the Lessee's failure to timely pay certain rent as set forth herein.

1. **DEFINITIONS AND INTERPRETATION**

1.1   Capitalised terms used but not defined in this letter (this "**Letter**") have the respective meanings given to such terms in the Aircraft Lease Agreement.

1.2   The rules of interpretation set out in Section 1 (*Interpretation*) of the Aircraft Lease Agreement shall apply to this Letter mutatis mutandis as if set forth herein, provided that all references therein to "this Agreement" shall be deemed to be references to this Letter.

2. **FORBEARANCE**

2.1   The Lessee has requested and the Lessor hereby agrees, subject to the terms and conditions set forth herein, temporarily to forbear from exercising its rights and remedies under the Aircraft Lease Agreement solely in respect of the Lessee's failure to timely pay the amount

of US$ 362,630.80 being the Rent due to be paid by the Lessee to the Lessor on the Rent Date occurring on 24 April 2020 (the "**Deferred Rent**") (the "**Payment Default**" and such forbearance, the "**Forbearance**"); *provided*, that:

    2.1.1    the Lessee shall pay to the Lessor interest on the Deferred Rent:

        (a)    from and including the Rent Date occurring on 24 April 2020 to and excluding the date of payment in full by Lessee to Lessor at the rate of six per cent (6%) per annum (the "**Interest Payment**");

        (b)    the Interest Payment is to be compounded monthly and calculated on the basis of the actual number of days elapsed in the month, assuming a thirty (30) day month and a three hundred and sixty (360) day year; and

    2.1.2    the Lessee shall make payment to Lessor of the Deferred Rent and the Interest Payment on or before 24 July 2020 (the "**Deferred Due Date**").

2.2    The Forbearance set forth herein shall (x) be effective upon the signing of the acknowledgment to this Letter by the Lessee and (y) be subject to the terms and conditions set forth in this Letter.

2.3    The Lessor and the Lessee agree that this Letter shall be considered an Operative Document for purposes of the Aircraft Lease Agreement and the other Operative Documents.

3.    **CONDITIONS**

3.1    The Forbearance is subject to, and in reliance on, the Lessee's acknowledgment and agreement below, and the following conditions:

    3.1.1    the Lessee shall immediately notify the Lessor in writing if any issues arise that may delay any payment to be made under the Forbearance; and

    3.1.2    the Lessor shall be treated no less favourably than any lessor that has consented to any such similar forbearance or deferral of rent pursuant to leases between such lessor and the Lessee.

4.    **TERMINATION OF THE FOREBEARANCE**

4.1    The Forbearance shall terminate immediately upon (i) the occurrence of any Default or Event of Default (other than the Payment Defaults arising pursuant to Section 20.1(a) of the Aircraft Lease Agreement), (ii) the Lessee's failure to comply with any term or condition set forth in Section 3 above, or (iii) the Lessee's failure to make any of the payments set forth in Section 2.1.2 above by the applicable Deferred Due Date.

4.2   Upon the termination of the Forbearance set forth herein all Deferred Rent shall become immediately due and payable to the Lessor without notice and the Forbearance set forth herein shall immediately terminate and be of no further force and effect.

5.   **NON-WAIVER**

5.1   Subject to the Forbearance set forth in this Letter, all of the terms and conditions of the Aircraft Lease Agreement shall remain in full force and effect. This Letter is entered into without prejudice to any Default or Event of Default other than the Payment Default (whether occurring before, on or after the date of this Letter). Nothing in this Letter shall be construed as a waiver or modification of existing rights, remedies and powers of the Lessor under the Aircraft Lease Agreement or applicable law, or prevent Lessor from exercising any of its rights, remedies or powers under the Aircraft Lease Agreement or any applicable law, except as expressly provided herein.

6.   **MISCELLANEOUS**

6.1   This Letter is governed by and shall be construed in accordance with New York law.

6.2   The provisions of Sections 23.1 (*Rights Cumulative; Waivers*), 23.10 (*Counterparts*), 23.11 (*Language),* 23.12 (*Confidentiality*), 23.13 (*Variation*), 23.14 (*Invalidity of any Provision*), 24 (*Notices*), and 25 (*Governing Law and Jurisdiction)* of the Aircraft Lease Agreement are hereby incorporated into this letter as if such provisions were set out in full mutatis mutandis (with all references to "Agreement" construed as references to this Letter).

6.3   The terms of this Letter shall not be varied otherwise than in writing and duly executed by or on behalf of the parties hereto.

6.4   This Letter may be executed in counterparts each of which will constitute one and the same document. Delivery of an executed counterpart of this Letter by e-mail (PDF) transmission shall be deemed to constitute due and sufficient delivery of such counterpart.

Yours faithfully,

For and on behalf of

**WELLS FARGO TRUST COMPANY, N.A.,**
not in its individual capacity but solely as owner trustee


By: _____

Name:

Title:


The Lessee, by the signature(s) of its duly authorised officer(s) on the date specified below, have acknowledged and agreed to all of the terms, conditions, warranties, agreements and provisions contained in this Letter with effect from the date specified below.

For and on behalf of

**FRONTIER AIRLINES, INC.**

By: _____

Name:

Title:

Date:

-->

Case 1:20-cv-09713-LLS   Document 94-16   Filed 11/11/22   Page 6 of 6