**CONFIDENTIAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRONTIER AIRLINES, INC.<br><br>　　　　　Plaintiff,<br><br>　　　-against-<br><br>AMCK AVIATION HOLDINGS IRELAND LIMITED, ACCIPITER INVESTMENT 4 LIMITED, VERMILLION AVIATION (TWO) LIMITED, WELLS FARGO TRUST COMPANY, N.A., solely in its capacity as OWNER TRUSTEE, and UMB BANK, N.A., solely in its capacity as OWNER TRUSTEE,<br><br>　　　　　Defendants. | Case No.:  1:20-cv-09713-LLS |

**PLAINTIFF FRONTIER AIRLINES, INC.'S RESPONSE TO DEFENDANTS' FIRST INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 33 and the Local Rules of the Southern District of New York, Plaintiff Frontier Airlines, Inc. ("Plaintiff" or "Frontier Airlines") hereby objects and responds to the First Set of Interrogatories (Nos. 1-6) ("Interrogatories") propounded by Defendants AMCK Aviation Holdings Ireland Limited, Accipiter Investment 4 Limited, Vermillion Aviation (Two) Limited, Wells Fargo Trust Company, N.A., and UMB Bank, N.A. (collectively, "Defendants") as follows:

**PRELIMINARY STATEMENT**

These responses are subject to all appropriate objections (including but not limited to objections to relevancy) which would require the exclusion of any statement contained herein if the interrogatory were asked of, or any statement contained herein were made by, a witness present and testifying in court. Any and all such objections and the grounds therefore are expressly reserved and may be interposed at the time of trial. Further, no admission of any nature is to be

**CONFIDENTIAL**

implied or inferred. The fact that Frontier Airlines responds to or objects to any of the Interrogatories should not be construed as an admission that Frontier Airlines accepts or admits the existence of any facts assumed by such Interrogatory, or that such response or objection constitutes admissible evidence as to any such assumed facts.

Plaintiff has not fully completed its investigation of the facts, discovery, or preparation for trial. It is anticipated that discovery, investigation, legal research, and analysis will lead to new facts, add meaning to known facts and establish entirely new factual conclusions and legal contentions. Accordingly, these responses are based upon only such information reasonably available, known, and recalled at this time. All responses are made without prejudice to the Plaintiff's right to produce, at the time of trial, evidence of any fact which responding parties may later discover, recall, or determine to be material. The responses contained herein are made in a good faith effort to supply as much information as is presently known to Plaintiff. Plaintiff reserves the right, as permitted or required by the discovery rules, to supplement or modify its answers should any additional or different information become known. This preliminary statement is expressly incorporated by reference into each objection and responses below.

## **GENERAL OBJECTIONS**

1. Plaintiff objects generally to the Interrogatories and Instructions for the Interrogatories to the extent that they exceed the obligations imposed by the Federal Rules of Civil Procedure. Plaintiff will respond pursuant to those Rules.

2. Plaintiff objects generally to the extent that any of the Interrogatories seek the disclosure of information, documents, persons, entities or things protected by the attorney-client privilege, the attorney work-product doctrine, litigation privilege, expert trial-preparation privilege, marital privilege, or any other privilege recognized by applicable law and rules of evidence. Such information, documents, persons, entities or things shall not be provided in the

responses to Defendants' requests, and any inadvertent disclosure of such protected information shall not be deemed to be a waiver of any privilege to which the information is entitled.

3.  Plaintiff objects generally to the extent that any of the Interrogatories seek to require Plaintiff to disclose information, documents, persons, entities, events or things not known on the grounds that such instructions, definitions, or requests are overbroad and seek to require more of Plaintiff than any obligation imposed by law, subject Plaintiff to unreasonable and undue annoyance, oppression, burden and expense, and seek to impose upon Plaintiff an obligation to investigate and discover information and materials from third parties or sources which are equally accessible to the parties.

4.  Plaintiff objects to the extent that any of the Interrogatories seek information that may be less onerously obtained through other discovery devices.

5.  Plaintiff objects to the extent that any of the Interrogatories are vague and ambiguous in that they fail to adequately define the terms used in the Interrogatories.

6.  Plaintiff objects to the extent that any of the Interrogatories seek a legal conclusion. For example, Plaintiff objects to any of the Interrogatories to the extent that they seek admissions that particular documents or statements are admissible into evidence because such determinations must be made by the Court, not the parties.

7.  Plaintiff objects to the extent that any of the Interrogatories assume one or more facts not in evidence, on the grounds that such Interrogatories subject Plaintiff to undue burden and expense.

8.  Plaintiff objects to the Interrogatories insofar as they seek to require Plaintiff to search for information, documents, and information about documents or information no longer in existence or no longer in Plaintiff's possession, custody, or control, on the grounds that the

Interrogatories are overly broad, would subject Plaintiff to undue annoyance, oppression, burden, and expense, and seek to impose upon Plaintiff an obligation to investigate information or materials from other persons or entities.

9. Plaintiff objects to the extent that any of the Interrogatories require information about which Plaintiff lacks sufficient knowledge, on the grounds that such Interrogatories subject Plaintiff to undue burden and expense.

10. Plaintiff objects to the Interrogatories insofar as they seek discovery of trade secret or other confidential research, development, or commercial information. Such information will only be provided in response hereto, if at all, pursuant to an appropriate protective order, and inadvertent disclosure of the same shall not be deemed a waiver of any of Plaintiff's rights regarding such information.

11. Plaintiff objects to the Interrogatories insofar as they seek information that is publicly available or otherwise available to Defendants, on the grounds that such Interrogatories subject Plaintiff to undue burden and expense.

12. Plaintiff objects to the extent that any of the Interrogatories seek irrelevant information, on the grounds that such Interrogatories subject Plaintiff to undue burden and expense.

13. Plaintiff objects to the Interrogatories to the extent that they are not reasonably designed to avoid imposing undue burden or expense on Plaintiff.

14. Plaintiff objects to the Interrogatories to the extent that they are not reasonably calculated to lead to the discovery of relevant or admissible evidence.

15. Plaintiff objects to Definition No. 8 insofar as it incorrectly dates the March 2020 Framework Agreement.

16. Plaintiff objects to the Interrogatories to the extent they are not limited to any reasonable time period. Unless otherwise indicated, Plaintiff will provide responses for the period from March 1, 2020, to November 18, 2020.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all persons with knowledge of information supporting or otherwise concerning any of Frontier's claims in the Complaint.

**ANSWER:** Plaintiff objects to this Interrogatory on the grounds set forth in its Preliminary Statement and General Objections above. Plaintiff further objects to this Interrogatory on the grounds that it is overly broad and irrelevant insofar as it calls for the identification of persons, without reasonable restriction, who are not likely to have information relevant to any party's claim or defense.

Subject to and without waiving these objections, and subject to further investigation, discovery, and proceedings in this matter, Plaintiff refers Defendants to the individual Frontier and AMCK employees named in Plaintiff's initial disclosures served June 25, 2021, pursuant to Rule 26(a)(1) ("Initial Disclosures"). At this time, Plaintiff is not aware of additional information responsive to this Interrogatory.

**INTERROGATORY NO. 2:** Identify all persons affiliated with any Defendant that You contend communicated to Frontier on or after March 16, 2020 that Frontier could defer or temporarily suspend rent payments in connection with any of the Lease Agreements.

**ANSWER:** Plaintiff objects to this Interrogatory on the grounds set forth in its Preliminary Statement and General Objections above. Plaintiff further objects to this Interrogatory on the grounds that it is overly broad and irrelevant insofar as it calls for the identification of persons, without reasonable restriction, who are not likely to have information relevant to any party's claim or defense.

Subject to and without waiving these objections, and subject to further investigation, discovery, and proceedings in this matter, Plaintiff refers Defendants to the individual AMCK employees named in Plaintiff's Initial Disclosures. At this time, Plaintiff is not aware of additional information responsive to this Interrogatory.

**INTERROGATORY NO. 3:** Identify all persons affiliated with any Defendant that You contend "stat[ed] that AMCK's shareholder did not intend to take deliveries of new aircraft only to have them parked in storage" as alleged in Paragraph 42 of the Complaint.

**ANSWER:** Plaintiff objects to this Interrogatory on the grounds set forth in its Preliminary Statement and General Objections above. Plaintiff further objects to this Interrogatory to the extent it seeks information protected by privilege. Subject to and without waiving these objections, and subject to further investigation, discovery, and proceedings in this matter, Plaintiff responds as follows: To the best of Plaintiff's knowledge, this statement was made by AMCK's shareholder and relayed by Jane O'Callaghan to Robert Fanning via telephone.

**INTERROGATORY NO. 4:** Identify all persons involved in any negotiations between Airbus and Frontier related to the Airbus Purchase Agreement from January 1, 2020 to the present, including but not limited to the negotiations referenced in Paragraphs 51 and 60 of the Complaint.

**ANSWER:** Plaintiff objects to this Interrogatory on the grounds set forth in its Preliminary Statement and General Objections above. Plaintiff further objects to this Interrogatory on the ground that the term "involved in any negotiations" is both vague and overbroad. Subject to and without waiving the foregoing objections, and subject to further investigation, discovery, and proceedings in this matter, Plaintiff responds as follows: The persons involved in the business negotiations between Airbus and Frontier were Jimmy Dempsey, Spencer Thwaytes, and Sharath Sashikumar Bindu.

Case 1:20-cv-09713-LLS    Document 101-22    Filed 11/11/22    Page 7 of 10

**CONFIDENTIAL**

**INTERROGATORY NO. 5:** Identify all persons from whom Frontier sought or obtained "alternative financing," or who offered or proposed any alternative financing, for the aircraft related to the Framework Agreement, including but not limited to any lessors or replacement lessors, as alleged in Paragraphs 75 to 77 of the Complaint.

**ANSWER:** Plaintiff objects to this Interrogatory on the grounds set forth in its Preliminary Statement and General Objections above. Plaintiff further notes that a protective order is currently pending, and objects that this Interrogatory seeks information that will be protected by such an order. Subject to and without waiving the foregoing objections; subject to further investigation, discovery, and proceedings in this matter; and subject to the terms of the pending protective order, Plaintiff responds as follows: Plaintiff sought and obtained alternative financing from CDB Aviation and Jackson Square Aviation.

**INTERROGATORY NO. 6:** For each claim for relief set forth in the Complaint, describe each category of damages claimed by Frontier including by (a) identifying the amount of each category of damages (or, if presently unknown, an estimate of the amount of damages), (b) describing with specificity how Frontier has incurred or will incur such damages, (c) providing the dates on which such damages were incurred and (d) identifying all persons with knowledge of such damages.

**ANSWER:** Plaintiff objects to this Interrogatory on the grounds set forth in its Preliminary Statement and General Objections above. Plaintiff further notes that a protective order is currently pending, and objects that this Interrogatory seeks information that will be protected by such an order. Subject to and without waiving the foregoing objections; subject to further investigation, discovery, and proceedings in this matter; and subject to the terms of the pending protective order, Plaintiff responds as follows: Plaintiff claims damages related to its agreements with CDB

**CONFIDENTIAL**

Aviation and Jackson Square Aviation, which agreements specifically reduced purchase price per aircraft, increased rent per aircraft, and provided less favorable return condition provisions, less favorable early termination options, and less favorable on-watch burden.  Damages associated with Plaintiff's agreement with CDB Aviation total approximately $31,313,400.  Damages associated with Plaintiff's agreement with Jackson Square Aviation total approximately $21,866,100.  Plaintiff incurred such damages in or around June 2020.  Individuals with knowledge of such damages include Jimmy Dempsey, Robert Fanning, Spencer Thwaytes, and Sharath Sashikumar Bindu.

DATED:  August 23, 2021

**LANE POWELL PC**

By: _____
David G. Hosenpud (*pro hac vice*)
Sarah E. Molinoff
601 SW Second Avenue, Suite 2100
Portland, Oregon  97204-3158
Telephone No.:  503.778.2100
Facsimile No.:  503.778.2200
Email:  hosenpudd@lanepowell.com
Email:  molinoffs@lanepowell.com
-and-

**BINDER & SCHWARTZ LLP**
Neil S. Binder
366 Madison Avenue, 6th Floor
New York, New York  10017
Telephone No.:  212.510.7008
Facsimile No.:  212.510.7299
Email:  nbinder@binderschwartz.com

*Attorneys for Plaintiff, Frontier Airlines, Inc.*

## CERTIFICATE OF SERVICE

I, David G. Hosenpud, hereby certify that on this 23rd day of August, 2021, I caused a copy of the foregoing **PLAINTIFF FRONTIER AIRLINES, INC.'S RESPONSE TO DEFENDANTS' FIRST INTERROGATORIES** to be served via U.S. Mail, on the following:

Jeff Edward Butler
Minji Reem
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY  10019
Phone:  212.878.8000
jeff.butler@cliffordchance.com
minji.reem@cliffordchance.com
    *Attorneys for All Defendants*

David G. Hosenpud

## VERIFICATION

I have read the foregoing PLAINTIFF FRONTIER AIRLINES, INC.'S RESPONSE TO DEFENDANTS' FIRST INTERROGATORIES and know its contents.

I am **MANAGER, FLEET** of Frontier Airlines, Inc., a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ~~August~~ **SEPTEMBER 8**, 2021, at **PEORIA**, **ILLINOIS**.


**SHARATH SASHIKUMAR BINDU**
Print Name of Signatory

*Sharath* (signature)
Signature

9