UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
FRONTIER AIRLINES,

           Plaintiff,         20 Civ. 9713 (LLS)

   - against -                  MEMORANDUM
                                    & ORDER

AMCK AVIATION, et al.,

           Defendants.
------------------------------X

    Frontier Airlines seeks leave to file under seal 44 documents submitted in support of its Opposition to AMCK's Motion for Summary Judgment. Dkt. No. 111. It also filed redacted versions of its Memorandum in Support of its Motion in Opposition and its Response to Defendants' Statement of Material Facts. Dkt. Nos. 112-13. "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 826 (2d Cir. 1997).

    "[D]ocuments submitted to a court for its consideration in a summary judgment motion are — as a matter of law — judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 121 (2d Cir. 2006). Accordingly, "'documents used by parties moving for, or opposing, summary judgment should not remain under seal absent

1

the most compelling reasons.'" Id. at 123 (quoting Joy v. North, 692 F.2d 880, 893 (2d Cir. 1982)).

Nonetheless, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Id. at 120 (quoting In re New York Times Co., 828 F.3d 110, 116 (2d Cir. 1987)).

Frontier asserts that the requested documents necessitate sealing because they contain highly sensitive business information related to Frontier's aircraft pricing, fleet plans, and contract terms. But, "vague and unspecified business concerns, like confidential and related business interactions that could be used by corporate competitors in a detrimental manner, are broad, general, and conclusory allegations insufficient to justify sealing." Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., 15 CIV. 211, 2021 WL 1541385, at *2 (S.D.N.Y. Apr. 20, 2021). Simply put, "the fact that business documents are secret . . . does not automatically warrant a protective order." New York v. Actavis, PLC, 14 Civ. 7478, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014). This is especially true here when the details about Frontier and AMCK's contractual relationships are material to the resolution of Frontier's breach of contract claims.

Therefore, sealing in their entirety the contractual documents which underlie this dispute (Exhibits 1, 2, 4, 5, 7, 9, 10, 11, 12, 53, 59, and 60 of the Hosenpud Declaration, Exhibit 1 of the Dempsey Declaration, and Exhibits 1-5 of the Bindu Declaration) is a vast over-designation when narrowly tailored redactions would sufficiently preserve the parties' privacy and competitive interests.  For example, the number of aircrafts purchased, the aircraft pricing, the long-term fleet plans, and any other specific contract terms whose reveal would place Frontier at a competitive disadvantage could be appropriately redacted while still preserving the public's interest.  See Lytle v. JPMorgan Chase, 810 F. Supp. 2d 616, 630 (S.D.N.Y. 2011) (stating that, to justify sealing business information, a party must "make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test").

These principles are epitomized by Exhibits 6, 13, 36, 38, 39, 55, 56, and 61 of the Hosenpud Declaration, documents showing invoices, payment records, and payment histories. These documents narrowly redact sensitive business information, like account numbers and the payment amounts, and can remain redacted and under seal. See Syntel Sterling Best Shores Mauritius Ltd.,

2021 WL 1541385, at *3 (granting motion to seal documents that include confidential accounting information "to protect against competitive harm").

The remaining documents reflect negotiations, both internal and between the parties, over a potential agreement to defer payments and internal analysis of the then-existing market conditions and current status of the contracts. The disclosure of these documents would place the parties in a competitive disadvantage in future negotiations. Therefore, Exhibits 18, 20, 21, 23, 29, 31, 33, 40-42, 50, 58, 63-67 of the Hosenpud Declaration can remain sealed. See Skyline Steel LLC v. PilePro, LLC, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (granting motion to seal emails revealing confidential negotiations between movant and a customer); New York v. Actavis, PLC, 2014 WL 5353774, at *3 (explaining that "[i]nternal documents and unpublished drafts that contain non-public strategies and financial information . . . that would place a party at a competitive disadvantage" are proper subject of sealing).

Finally, Frontier's Brief, Rule 56.1 Statement, and Expert Report (Hosenpud Dec. Ex. 81) discuss the same confidential material contained in the Hosenpud, Dempsey, and Bindu Declarations. Upon review of the documents, Frontier's limited redactions of airplane pricing, airplane numbers, and contract terms is appropriate. See Playtex Prods., LLC v. Munchkin, Inc.,

4

14 Civ. 1308, 2016 WL 1276450, at *12 (S.D.N.Y. Mar. 29, 2016) (granting motion to seal portions of brief that referenced underlying "confidential and sensitive business information").

## Conclusion

For the reasons set forth above, the Court grants Frontier's motion to seal in part and denies in part.

The Court grant's Frontier's sealing request of Exhibits 6, 13, 18, 20, 21, 23, 29, 31, 33, 36, 38, 39, 40, 41, 42, 50 55, 56 58, 61 63, 64, 65, 66, 67 of the Hosenpud Declaration.

Exhibits 1, 2, 4, 5, 7, 9, 10, 11, 12, 53, 59, and 60 of the Hosenpud Declaration, Exhibit 1 of the Dempsey Declaration, and Exhibits 1-5 of the Bindu Declaration will be unsealed by January 13, 2023, unless Frontier has submitted updated proposed redactions.

So Ordered.

Dated: New York, New York
       December 13, 2022

_____
LOUIS L. STANTON
U.S.D.J.