UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRONTIER AIRLINES, INC., <br><br>                Plaintiff, <br><br>    v. <br><br> AMCK AVIATION HOLDINGS IRELAND LIMITED, ACCIPITER INVESTMENT 4 LIMITED, VERMILLION AVIATION (TWO) LIMITED, WELLS FARGO TRUST COMPANY, N.A., solely in its capacity as OWNER TRUSTEE, and UMB BANK, N.A., solely in its capacity as OWNER TRUSTEE, <br><br>                Defendants. | 20 Civ. 9713 (LLS) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO AMEND THE JUDGMENT**

Defendants AMCK Aviation Holdings Ireland Limited ("AMCK"), Accipiter Investments Aircraft 4 Limited ("Accipiter") and Vermillion Aviation (Two) Limited ("Vermillion") submit this Memorandum of Law in support of Defendants' Motion to Amend the Judgment.

**Introduction**

This motion seeks to correct an error in the award of pre-judgment interest. In the Opinion & Order dated June 14, 2024 (the "Opinion"), the Court adopted the damages calculation presented by Frontier's expert, Dr. Kevin Neels, and awarded Frontier $48,660,000 "plus interest from the date of the breach at a rate of 9%." (Opinion at 24.) Consistent with this, the Judgment dated June 17, 2024 (the "Judgment") calculates pre-judgment interest from May 8, 2020 (the date AMCK terminated the Framework Agreement) to the date of the Judgment. However, Dr. Neels' damages figure of $48,660,000 *already includes* his calculation of

- 1 -

pre-judgment interest from May 8, 2020 to April 8, 2024.  Thus, to avoid any double counting of pre-judgment interest, Defendants respectfully request that the Judgment be amended to allow additional interest only from April 8, 2024.

### Argument

The Court plainly has discretion to amend a judgment to correct an error in the award of pre-judgment interest.  Pursuant to Rule 59 of the Federal Rules of Civil Procedure, a Court may modify a judgment "where the moving party demonstrates that the Court has overlooked factual matters or controlling decisions" that were previously presented to it.  *Perreca v. Gluck*, 262 F. Supp. 2d 269, 272 (S.D.N.Y. 2003) (quoting *Whiteman v. Federal Republic of Austria*, 2002 WL 31368236, at *1 (S.D.N.Y. 2002)).  Similarly, a motion for reconsideration may be granted based on "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).  The decision to grant or deny the motion rests with the sound discretion of the trial court.  *Whiteman*, 2002 WL 31368236, at *1.

Here, the Court may have overlooked the fact that Dr. Neels' damages figure already includes a calculation of pre-judgment interest through April 8, 2024.  This is clear from his direct testimony.  At the outset of his direct testimony, Dr. Neels presented his damages figure as follows:

> Q. Based on your most recent calculations, what is your opinion, what is in your opinion the current amount of those damages?
>
> A. I think my current opinion, based on the most recent calculations, is that those damages amount to $49 million, $49,660,000.
>
> Q. Is that for as of April 8, 2024?
>
> A. It is.

(Trial Tr. 361:6-13 (April 10, 2024).)  After prompting from Frontier's counsel and consultation of his notes, Dr. Neels subsequently clarified that, in his opinion, the correct amount as of April 8, 2020 is $48,660,000.  (*Id.* 373:7-18.)  Dr. Neels then specifically clarified that his "after tax" damages amount includes pre-judgment interest:

> Q. What other factors go into the aftertax analysis of Frontier's damages?
>
> A. Well, in any calculation of damages, there are, you know, in my view there are two steps involved. One is to calculate what was the magnitude of the injury as of the time of injury, and where the effects of the injury play out over time. That will require some discounting. But then, if the injury occurred some time ago, that means the injured party has been denied the use of those resources for a period. So, if Frontier eventually receives compensation for its injury, that compensation should reflect not just the amount of the original injury, but the time value of money, the fact it wasn't able to put those resources to work over a period of time.
>
> Q. And did you so calculate that as part of your figure?
>
> A. I did. It's referred to sometimes as prejudgment interest.

(*Id.* 374:3-17.)  The rate used by Dr. Neels was based on federal treasury bills, and he confirmed that his interest calculation includes the time period from May 8, 2020 to April 8, 2024:

> Q. What rate, what point in time did you analyze that federal T-bill rate?
>
> A. I looked at it on a period-by-period basis from the point of injury up to the 8th of this month.
>
> Q. And we may have touched it but I want to make sure I didn't miss eliciting this information.  The date of injury that you used for the beginning of your analysis was what?
>
> A. Was May 8, 2020. The date when AMCK announced it was terminating the Framework Agreement.

(*Id.* 375:3-12.)  These portions of Dr. Neels' direct testimony establish that Dr. Neels calculated damages as of April 8, 2024, and that his figure of $48,660,000 already includes a calculation of pre-judgment interest for the time period from May 8, 2020 to April 8, 2024.

Because the Court otherwise accepted Dr. Neels' damages calculation, it appears to have been inadvertent error for the Court to award additional pre-judgment interest "from the date of breach" rather than from Dr. Neels' calculation date of April 8, 2024. The result is a double counting of pre-judgment interest for the time period from May 8, 2020 to April 8, 2024. This double counting can be eliminated simply by using Dr. Neels' calculation date, and awarding additional pre-judgment interest only from April 8, 2024.

## Conclusion

For the reasons set forth herein, this Motion to Amend the Judgment should be granted, the Judgment dated June 17, 2024 should be vacated and an amended judgment should be entered allowing additional pre-judgment interest only from April 8, 2024.

Dated: June 25, 2024

                                          Respectfully submitted,

                                          s/ Jeff E. Butler

                                          Jeff E. Butler
                                          John P. Alexander
                                          Giannina Crosby
                                          CLIFFORD CHANCE US LLP
                                          Two Manhattan West
                                          375 9th Avenue
                                          New York, New York 10001

                                          *Attorneys for Defendants*