## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRONTIER AIRLINES, INC. | Case No.: 1:20-cv-09713-LLS |
| Plaintiff, | |
| v. | |
| AMCK AVIATION HOLDINGS IRELAND LIMITED, ACCIPITER INVESTMENT 4 LIMITED, VERMILLION AVIATION (TWO) LIMITED, WELLS FARGO TRUST COMPANY, N.A., solely in its capacity as OWNER TRUSTEE, and UMB BANK, N.A., solely in its capacity as OWNER TRUSTEE, | |
| Defendants. | |

### DECLARATION OF DAVID G. HOSENPUD IN SUPPORT OF PLAINTIFF FRONTIER AIRLINES, INC.'S MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES

I, David G. Hosenpud, declare as follow:

1. I am an attorney licensed to practice law in the State of Oregon, and admitted pro hac vice in the above matter. I am a partner with the law firm of Lane Powell, PC, which represents Plaintiff Frontier Airlines, Inc. in this matter. I am fully familiar with the facts and circumstances herein.

2. I make this declaration in support of Frontier Airline Inc.'s Motion for Attorneys' Fees, Costs, and Expenses. The total attorneys' fees, costs, and expenses sought by Frontier Airlines in this motion are $2,581,727.09.

3. Attached to my declaration as **Exhibit 1** are true and accurate copies of the resumes of the Lane Powell PC (Lane Powell) attorneys who worked on this case and reflecting their respective experience, areas of practice, and recognitions.

4.     Attached to my declaration as **Exhibit 2** are true and accurate copies of Lane Powell invoices to Frontier for legal work performed and costs incurred associated with this case. Some of the time entries reflected in the billing statement also cover work in separate but related actions pending in the Southern District of New York. All time inadvertently allocated to this case have been completely removed and redacted from the **Exhibit 2** Lane Powell invoices and reduced from the total of fees claimed in this fee petition as reflected in **Exhibit 3** below.

5.     Attached to my declaration as **Exhibit 3** is an Excel spreadsheet reflecting the fees incurred in this action after reducing all of the time reflected in time entries for the related actions pending in the Southern District of New York. Frontier seeks to recover $2,550,196.04 in attorney's fees charged by its counsel during the nearly four-year duration of this lawsuit, June 9, 2020 to May 10, 2024. This consists of $1,997,575.10 in fees for 3,949.1 hours worked by attorneys and litigation support staff from Lane Powell. The rates charged by Lane Powell partners ranged from $500 to $679 an hour, and the rates charged by Lane Powell associates ranged from $380 to $475. In addition, this includes $36,249.50 in fees for 58.6 hours of work by attorneys and litigation support staff from Binder & Schwartz LLP (Binder & Schwartz). The partner rates for Binder & Schwartz averaged $950 an hour and associate rates averaged $625 an hour. The amount attorney's fees requested here reflects the amount actually incurred by Frontier. *See* Exhibits 3-5 and 6.

6.     Attached to my declaration as **Exhibit 4** are true and accurate resumes of the lawyers from Binder & Schwartz, local New York counsel who assisted in litigating this case.

7.     Attached to my declaration as **Exhibit 5** are true and accurate copies of invoices from Binder & Schwartz reflecting the fees billed to Frontier for the services rendered in this case.

2

022510.0155/9791234.2

Attached to my declaration as **Exhibit 6** is a summary of the Binder & Schwartz fees billed to Frontier.

8.   Frontier seeks fees incurred over the nearly four years of this litigation for: (a) conducting initial factual diligence, developing the factual record, conducting substantial legal research, strategizing with Frontier, and bringing a complaint; (b) attempting to negotiate on a number of occasions with Defendants to resolve the case; (c) successfully opposing Defendants' motion to dismiss; (d) engaging in substantial discovery, including propounding and responding to requests for production, interrogatories, and requests for admission; (e) reviewing several hundred thousand of Frontier documents for responsiveness, relevance, and privilege, and ultimately producing nearly 4,000 documents (totaling 12,560 pages) to Defendants; (f) reviewing nearly 10,000 documents (totaling 47,055 pages) produced by Defendants to further develop the factual background and apply it to the legal theories at issue; (g) taking and defending a total of 13 depositions; (h) successfully opposing Defendants' motion for a protective order to prevent Frontier from deposing two principals from Defendants' shareholder; (i) defeating in part Defendants' motion for summary judgment that sought to dismiss the case in its entirety, in which Frontier's memorandum of law totaled 42 pages, its response to Defendants' statement of material facts totaled 39 pages, and it relied upon 88 different exhibits; (j) preparing pretrial filings, which included over 200 potential exhibits; (k) working with its experts to determine the appropriate damages arising from complex transactions with payments spanning more than a decade; (l) preparing for and attending numerous conferences with the Court; (m) preparing for and litigating a nearly two-week bench trial that involved two hundred exhibits, seven live witnesses and designating deposition transcripts and videos for six additional witnesses; and (n) preparing the motion for attorney's fees, costs, and expenses and the accompanying research.

3

9. Frontier seeks recovery of costs and expenses of $240,300.49 relating to the work of its attorneys and litigation support staff on this matter, which were reasonable and necessary to obtain a successful outcome. These costs include, among other things, travel costs for court hearings and trial, costs associated with depositions, costs for trial transcripts and are calculated through June 24, 2024. Attached to my declaration as **Exhibit 7** is a summary reflecting the costs in the Lane Powell and Binder & Schwartz invoices incurred by Frontier in this case. Attached to my declaration as **Exhibit 8** is a summary of the deposition costs, and true and accurate copies of the deposition invoices reflecting the deposition costs incurred by Frontier in this case. Attached to my declaration as **Exhibit 9** is a summary of the trial court transcript costs, and true and accurate copies of the trial transcript invoices reflecting the transcript costs incurred by Frontier in this case. Attached to my declaration as **Exhibit 10** is a summary of the Consilio invoices for electronically stored information ("ESI") services such as collecting, processing, production and data storage, and true and accurate copies of such invoices.

10. Attached to my declaration as **Exhibit 11** are true and accurate copies of the resumes of the expert Dr. Kevin Neels, PhD., and principals of the Brattle Group, Dr. Nicholas Powers, PhD; Mr. Darrell Chodorow; and Lauren Peretz Senior Research Assistant who assisted Dr. Neels in the preparation of information used by Dr. Neels for his expert reports, declaration, and testimony. I have been informed by Dr. Powers that additional Brattle staff contributed smaller amounts of time to Brattle's work on this matter, including Research Analysts and Administrative Professionals. The former are comprised of individuals who have a strong background in economics, mathematics, engineering, operations research, computer science, or statistics, and who apply their skills in programming, data analysis, and model-building in support of Brattle Principals and testifying experts.

11. Attached to my declaration as **Exhibit 12** is a true and accurate summary chart of the fees charged by Dr. Neels and the Brattle Group to Frontier for the work performed in connection with Dr. Neels expert reports, declaration and testimony. Those fees range between $100 to $675 an hour.

12. Attached to my declaration as **Exhibit 13** are true and accurate copies of invoices from the Brattle Group reflecting the total fees and costs billed by the Brattle Group to Frontier.

13. Frontier seeks recovery of $307,602.41 relating to the work of its expert witnesses. This amount reflects work completed that relates to analyzing the financial losses and implications of a complex set of interrelated aircraft transactional contracts that include payments spanning over a decade, drafting an expert report, drafting a supplemental expert report, preparing for a deposition, analyzing Defendants' expert report and deposition testimony, preparing a pretrial declaration that updated the expert analysis, further updating the analysis for trial to bring the amounts current given the passage of time, and preparing for and testifying as a witness at trial. This work was performed primarily by Dr. Kevin Neels, who has more than 40 years of experience as a consultant and expert witness in the aviation, rail, trucking, courier, postal, and automotive industries. **Exhibit 11**. Dr. Neels is currently self-employed, but was previously the Principal and Transportation Practice Leader at The Brattle Group. *Id*. He charged $600 per hour for his expert services. In addition, Dr. Nicholas Powers is a principal at The Brattle Group and assisted Dr. Neels in all of the items discussed above. Dr. Powers specializes in conducting econometric and economic analyses and performing regression-based costing models. Dr. Powers charged $580 per hour for his expert services. **Exhibits 11-12**.

14. Attached to my declaration as **Exhibit 14** is a true and accurate copy of excerpts of the 2023 *Real Rate Report* published by Wolters Kluwer, showing prevailing market rates for New York City for legal services.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED:  July 1, 2024

                                                    _s/ David G. Hosenpud_
                                                    David G. Hosenpud