UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRONTIER AIRLINES, INC.,<br><br>               Plaintiff,<br><br>    v.<br><br>AMCK AVIATION HOLDINGS IRELAND LIMITED, ACCIPITER INVESTMENT 4 LIMITED, VERMILLION AVIATION (TWO) LIMITED, WELLS FARGO TRUST COMPANY, N.A., solely in its capacity as OWNER TRUSTEE, and UMB BANK, N.A., solely in its capacity as OWNER TRUSTEE,<br><br>               Defendants. | 20 Civ.9713 (LLS) |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO FRONTIER'S MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES**

Defendants AMCK Aviation Holdings Ireland Limited ("AMCK"), Accipiter Investments Aircraft 4 Limited ("Accipiter") and Vermillion Aviation (Two) Limited ("Vermillion") submit this Memorandum of Law in Opposition to Frontier's Motion for Attorney's Fees, Costs, and Expenses.

### Introduction

Frontier's application for attorneys' fees and other litigation expenses is premised on Guaranties entered in connection with the Lease Agreements. The plain language of these agreements limits the litigation expenses that reasonably can be claimed. Each of the Guaranties limits recoverable expenses to those incurred "in connection with the enforcement of the Guaranty." In addition, recoverable expenses are payable only by the Guarantor under each Guaranty.

Frontier, however, disregards these limitations, and seeks to recover litigation expenses that have no plausible relationship to the enforcement of any Guaranty. In addition, Frontier seeks to recover litigation expenses from all three of the remaining defendants in this case, even though AMCK did not provide any of the Guaranties and Accipiter and Vermillion only provided some of them.

For these reasons, Frontier's motion should be denied in its entirety or, in the alternative, the Court should hold further proceedings to determine if any litigation expense claimed by Frontier (i) was incurred in connection with the enforcement of a Guaranty and (ii) is payable by Accipiter or Vermillion.

## Argument

I.  **THE LITIGATION EXPENSES CLAIMED BY FRONTIER ARE UNREASONABLE.**

   A.  **Expenses Claimed by Frontier Are Not Limited to Those Incurred in Connection with the Enforcement of the Guaranties.**

In contrast to the practice in England, the default "American Rule" is that "a prevailing party in litigation generally may not recover attorney's fees from the losing party[.]" *Sage Sys., Inc. v. Liss*, 39 N.Y.3d 27, 29 (2022). An exception is that parties may waive the benefit of this rule by agreement. Such agreements, however, are strictly construed. As the New York Court of Appeals has explained:

> Inasmuch as a promise by one party to a contract to indemnify the other for attorney's fees incurred in litigation between them is contrary to the well-understood rule that parties are responsible for their own attorney's fees, the court should not infer a party's intention to waive the benefit of the rule unless the intention to do so is unmistakably clear from the language of the promise.

*Hooper Assocs., Ltd. v. AGS Computers, Inc.*, 74 N.Y.2d 487, 4992 (1989); *see also Desly Int'l Corp. v. Otkrytoe Aktsionernow Obshchestvo "Spartak,"* 791 F. App'x 284, 286 (2d Cir. 2020) (citing *Hooper* and referring to "the heavy burden of persuading [the court] to depart from the

American Rule"). Thus, under New York law, a court must scrutinize the relevant contractual provision to determine whether the right to recover litigation expenses in a particular case is "unmistakably clear."

Here, Frontier argues that its right to litigation expenses arises from (i) the Guaranties entered by Defendant Accipiter and non-party Accipiter Holdings DAC for the 14 Original Leases and (ii) a Guaranty entered by Defendant Vermillion for the MSN 10038 Lease (collectively, the "Guaranties"). (*See* Frontier Br. 1–2.) In each Guaranty, the operative language is as follows: "Guarantor agrees to be liable for the payment of all reasonable fees and expenses, including attorney's fees, incurred by Lessee in connection with the enforcement of this Guaranty." (*See* JX 4, § 2.2; JX 26, § 2.2.) Applying the plain language of the Guaranties, Frontier's right to recover litigation expenses is limited to expenses incurred "in connection with the enforcement of" the Guaranties.

This contractual limitation makes any award of litigation expenses unreasonable in this case. *First*, the Court dismissed Frontier's claim for breach of the Guaranties on summary judgment. Frontier's Third Claim for Relief was for breach of the Lease Agreements, which included a claim under the Guaranties by Accipiter and Vermillion. (*See* Dkt. No. 1, Compl. ¶ 97.) On summary judgment, the Court rejected that claim as a matter of law:

> Because there is no underlying failure to perform, there is no evidence that Accipiter or Vermillion breached their guarantees, which apply only when the lessor fails to make due and punctual payments or perform all its obligations under the Lease Agreement. Dkt. No. 91 Exs. 3, 7 § 1. Because there is no evidence that defendants failed to perform under the Lease Agreements, the claim for breach of them is dismissed as a matter of law.

*Frontier Airlines, Inc. v. AMCK Aviation Holdings Ireland Ltd.*, 681 F. Supp. 3d 81, 101 (S.D.N.Y. 2023). Thus, none of the fees in this case arose from enforcement of the Guaranties. *Second*, the Court made no finding of any breach of the Guaranties in its Opinion & Order

following trial. The Court did find that the Guaranties entered by Accipiter and Vermillion "should be read as one" with the Framework Agreement. (Dkt. No. 175, Amended Opinion & Order, at 22.) But this finding was used only to hold Accipiter and Vermillion liable for breach of the Framework Agreement. (*Id.* at 23.) There was no finding that Accipiter or Vermillion (or anyone else) is liable for any breach of the Guaranties.

### B.   Any Award of Litigation Expenses Should Be Limited to the Guarantors Named in the Guaranties.

The indemnification language in the Guaranties also limits the persons responsible for paying litigation expenses. In each case, only the "Guarantor" agrees to be liable for reasonable litigation expenses. (*See* JX 2, § 2.2; JX 26, § 2.2.) As reflected in Frontier's submission, the Guarantors for the 14 Original Leases were either Accipiter or Accipiter Holdings DAC, and the Guarantor for the MSN 10038 Lease was Vermillion. (*See* Frontier Br. 1–2.) Thus, only these three entities could potentially be liable for payment of attorneys' fees and other litigation expenses in this case.

This is significant because one of these entities—Accipiter Holdings DAC—is not even a party in this action. Frontier attempts to obscure this fact by referring to Accipiter Holdings DAC as "AMCK's predecessor." (Frontier Br. 1.) The evidence at trial, however, showed that Accipiter Holdings DAC is a separate legal entity and an affiliate of AMCK (jointly owned by CK Asset Holdings). (Trial Tr. 664:16–25.) There is no evidence that AMCK is the successor to the obligations of Accipiter Holdings DAC under any Guaranty. Given that Accipiter Holdings DAC is not a party, there can be no recovery in this case for attorneys' fees incurred in connection with the enforcement of the Accipiter Holdings DAC Guaranties. Such fees should be excluded from any award.

Frontier's submission does not specify the number of Guaranties entered by Accipiter versus Accipiter Holdings DAC. Frontier's trial brief, however, accurately states that Accipiter was the Guarantor for only five of the Original Leases. (Dkt. No. 136, Frontier Trial Brief 11–12.) Thus, to the extent any of the litigation expenses are found to have been incurred in connection with enforcement of the Guaranties, Accipiter should be responsible for only one third (5/15) of those fees, and Vermillion should be responsible for only one fifteenth of the total.

## Conclusion

For the reasons set forth herein, Frontier's Motion for Attorney's Fees, Costs, and Expenses should be denied or, in the alternative, the Court should hold further proceedings to determine if any litigation expense claimed by Frontier (i) was incurred in connection with the enforcement of a Guaranty and (ii) is payable by Accipiter or Vermillion.

Dated: July 15, 2024

Respectfully submitted,

 s/ Jeff E. Butler

Jeff E. Butler
John P. Alexander
Giannina Crosby
CLIFFORD CHANCE US LLP
Two Manhattan West
375 9th Avenue
New York, New York 10001
212-878-8000
jeff.butler@cliffordchance.com

*Attorneys for Defendants*