UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRONTIER AIRLINES, INC.,<br><br>                 Plaintiff,<br><br>  v.<br><br>AMCK AVIATION HOLDINGS IRELAND LIMITED, ACCIPITER INVESTMENT 4 LIMITED, VERMILLION AVIATION (TWO) LIMITED, WELLS FARGO TRUST COMPANY, N.A., solely in its capacity as OWNER TRUSTEE, and UMB BANK, N.A., solely in its capacity as OWNER TRUSTEE,<br><br>                 Defendants. | 20 Civ. 9713 (LLS) |

**DEFENDANTS' SUR-REPLY IN OPPOSITION TO
FRONTIER'S MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES**

Pursuant to the Court's Order of July 25, 2024, Defendants submit this Sur-Reply in Opposition to Frontier's Motion for Attorney's Fees, Costs, and Expenses.

In its Reply Brief, Plaintiff Frontier Airlines, Inc. ("Frontier") makes an additional request for $10,102.35 in fees and expenses incurred in the preparation of the Reply Brief. Frontier's request for "fees on fees" should be rejected under controlling Second Circuit precedent.

It is well-settled that, even where a contract allows for the recovery of legal fees, a party is generally not entitled to recover the fees incurred in connection with seeking such fees. An award of such fees is permitted only where expressly authorized by the contract. *See F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1266 (2d Cir. 1987) ("[A] general contract provision for the shifting of attorneys' fees does not authorize an award of fees for time spent in seeking the fees themselves."). *F.H. Krear* is still good law. *See Thor 725 8th Ave. LLC v.*

- 1 -

*Goonetilleke*, 675 F. App'x 31, 35 (2d Cir. 2017) (ruling that "there is no basis for disturbing *F.H. Krear*" and so the district court "correctly denied [plaintiff's] request for 'fees on fees'"). Consistent with this, courts routinely deny applications for "fees on fees" absent specific contract language allowing it. *See, e.g., Flatiron Acquisition Vehicle, LLC v. CSE Mortg. LLC*, No. 17 Civ. 8987 (GHW), 2022 WL 413229, at *11 (S.D.N.Y. Feb. 9, 2022) (rejecting application for the "cost of litigating amount of fees" absent "specific language" in the contract).[1]

Here, there is no basis to depart from the general rule. The Guaranties state only that they permit recovery of "all reasonable fees and expenses, including attorney's fees, incurred by [Frontier] in connection with the enforcement of this Guaranty." (*See* JX 4, § 2.2.) This general language says nothing about recovering fees in connection with seeking a fee award. Therefore, Frontier's request to recover attorneys' fees and expenses incurred in connection with bringing this motion should be rejected.

Dated: July 26, 2024

          Respectfully submitted,

          s/ Jeff E. Butler

Jeff E. Butler
John P. Alexander
Giannina Crosby
CLIFFORD CHANCE US LLP
Two Manhattan West
375 9th Avenue
New York, New York 10001
212-878-8000
jeff.butler@cliffordchance.com

*Attorneys for Defendants*

---

[1] A different rule applies in the context of fee awards authorized by statute. *See, e.g., Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999). Obviously, there is no statute at issue here.